VICKERS *v.* SISSON'S ADMR. *et als.*

(Absent, JOHNSON, JUDGE.)

Decided April 28, 1877.

1877.
January Term.

A plaintiff files his bill for the specific performance of a verbal contract for the purchase of land, setting forth specifically the contract, the amount of the purchase money, and that the same had been paid to the vendor; that the plaintiff was in possession of the land at the time of the purchase, and had made valuable improvements thereon, upon the faith of said contract. HELD:

These allegations, if sustained by satisfactory proof, will entitle the purchaser to a specific performance of the contract, in a court of equity, notwithstanding the statute of frauds.

An appeal, by the widow and heirs of Henry C. Sisson, deceased, from a decree of the circuit court of Kanawha county, rendered on the 23d day of June, 1874, in a chancery cause, wherein Thomas A. Vickers was complainant, and the administrator and administratrix, and the widow and heirs at law of Henry C. Sisson, deceased, were defendants.

The material allegations of the bill are given in the opinion of Moore, Judge, by which, it will be seen, that the complainant sought the specific execution of a verbal contract, for the purchase of real estate, alleged· to have been made with said Henry C. Sisson, in his life time.

The adult defendants filed their joint and several answers, the material part of which will be found quoted, by the Judge, in his opinion. They also filed a special plea, relying upon the " statute of frauds." The infant defendants' answer was filed by their guardian *ad litem.* The testimony in the cause, though somewhat conflict-

ing, shows that about the year 1856 or 1857, Henry C. Sisson made a verbal contract with the plaintiff, to sell to him a certain house and lot, which was then in the possession and occupancy of said plaintiff as a tenant of said Sisson, at the price of $200, a part of which was paid in cash, but directly afterwards borrowed by the plaintiff from Sisson, that the plaintiff continued in possession of the land, used and occupied it as his own, placing at times valuable improvements upon it, until about the commencement of the late war, when, it appears, he abandoned it, for the purpose of going into the "Confederate army," but left his wife upon the property, living in the house. She remained there for some time, and upon leaving, placed a tenant in possession of it, who occupied it a short time. It also seems, from the weight of evidence, and especially appears from the declarations of Henry C. Sisson, made in his life time, that the purchase money had been paid, that he admitted the sale to Vickers, and it further appears that he had placed tenants in the house during the absence of Vickers, with the declaration that the property was the property of Vickers, and that they must take care of it for him.

It further appears, from the testimony, that the defendants remained in full possession of the property from the time of the death of Henry C. Sisson, which happened some time during or near the close of the war and before the return of the plaintiff, and it does not appear that the complainants ever demanded the property after his return, or after the close of the war, or sought, in any way to recover it, until the bringing of this suit, to Auust Rules, 1871.

*William H. Hogeman,* for the appellants:

Before equity will decree the specific execution of a contract for the sale of real estate, the fact of the contract must be clearly proved.

2 Story's Eq. Jur., sec. 764; *Pegg v. Corder*, 12 Leigh, 77; *Wood v. Farman*, 10 Watts (Pa.), 195; *Charnley v. Hansebury*, 13 Pa. St., 16, *Primtep v. Mitchell*, 17 Ga., 558; *Purcell v. Moses*, 4 Wall. 517; *Lowry v. Buffington*, 6 W. Va., 254; *Wilson v. Wilson*, 6 Mich., 9; *Smith v. McVeigh*, 11 N. J. Eq., 239; *McCue v. Johnson*, 25 Pa. St., 306; *Patrick v. Lovell*, 3 W. Va., 23; *Anthony v. Leftwich*, 3 Rand., 246; *Fairbother v. Ihan*, 4 Iowa, 279; *Lobdell v. Lobdell*, 36 N. Y., 327; *Senis v. McEvan*, 27 Ala., 184; *Carder v. Lasater*, 36 Ill., 182; *Brewer v. Wilson*, 17 N. J. Eq., 184; *Sage v. McGuire*, 4 Watts & S. (Pa.); *Rowton v. Rowton*, 1 Har. & M., 92.

The subject matter of the contract must clearly appear, so that when a conveyance is ordered the land to be conveyed may be so described that it can be distinguished from other lands:

*Johnson v. Kellog*, 7 Heisk. (Tenn.), 262; *Hyde v. Cooper*, 13 Rich. (S. C.) Eq., 254; 21 Mich., 497; *Jordan v. Deaton*, 23 Ark., 704; *Ferris v. Irwing*, *Millard v. Ramsdell*, Harr. (Mich.), 373; *Shelton v. Church*, 10 Mo., 774; *C. & C. R. R. Co. v. Stewart*, 18 N. J. Eq., 489; *Prater v. Miller*, (3 Hawks N. C.), 628; *Johnson v. Craig*, 21 Ark., 533; *Jordan v. Fay*, 40 Me., 130; *Graham v. Herndron*, 5 Munf., 185; *Copps v. Holt*, 5 Jones, N. C. Eq., 153; *Dobson v. Little*, 5 Coldw. (Tenn.), 616; *Taylor v. Ashley*, 15 Tex., 50; *Bracken v. Hambrick*, 25 Tex., 408.

It does not appear that the party who it was alleged entered into the contract with the appellant had done so or was capable of doing so:

*Ferrier v. Buzick*, 2 Iowa, 136; *Fitzpatrick v. Featherstone*, 3 Ala., 40; *Nicoll v. Carr*, 35 Pa. St., 381; *Shields v. Tramwell*, 19 Ark., 51.

The statute of frauds was a complete defense in this case, and that the possession alleged did not tend to prove a contract:

2 Story's Eq. Jur., § 763; 37 Conn., 9; *Antony v. Leftwich*, 3 Rand., 247; 26 Md., 75; *Spalding v. Cinzel-*

man, 30 Mo., 177; *McMall v. Jones*, 21 Ark., 277; *Dansforth v. Laney*, 23 Ala., 274; 25 Mo., 63; *Cole v. Potts*, 1 N. J. Eq. (2 Stock.), 675; *Knott v. Harving*, 19 Wis., 99; *Mohana v. Blakt*, 20 Iowa, 142; *Chambliss v. Smith*, 30 Ala., 369; *Haslet v. Haslet*, 6 Watts (Pa.), 464.

The delay of the plaintiff in bringing his suit was a strong reason for assuming an abandonment, and for refusing specific execution:

*Richardson v. Baker*, 5 Call., 514; *Anthony v. Leftwich*, 3 Rand., 252, 263; *Pegg v. Corder*, 12 Leigh, 78; *Cooper v. Carlisle*, 2 N. J. Eq., 529; *Eyre v. Eyre*, 19 N. J. Eq., 102; 21 N. J. Eq., 122, 405; Hare & Wal. Lg. cases in Eq., part 2, vol. 2, pp. 13, 14; *Porter v. Daugherty*, 25 Pa. St., 405; *Glasscock v. Nelson*, 26 Tex., 150; 37 N. J. Eq., 102; *Johnson v. Hopkins*, 19 Iowa, 49; *McMillan v. McMillan*, 7 T. B. Mon. (Ky.), 560; *Colvert v. Nicholas*, 8 B. Mon. (Ky.), 264.

Appellant's counsel in a note filed with his brief cited also the following authorities:

8 Gratt., 197; 9 Gratt., 6; 4 Wall., 517; 6 W. Va., 254; 2 Story's Eq. Jur., 764; 12 Leigh, 77; 21 Mich., 491.

*Charles Hedrick* and *Geo. S. Couch*, for appellees:

The bill makes a proper case on which to base a decree for specific performance. Code, W. Va., ch. 125, § 35; *Lowry v. Buffington*, 6 W. Va. 254.

MOORE, JUDGE, delivered the opinion of the Court:

Thomas A. Vickers, at rules in the clerk's office of the circuit court of Kanawha county, August 1871, filed his bill in chancery against the administrator, administratrix, widow and heirs of Henry C. Sisson, deceased, alleging "that in the year 1856, he purchased of Henry C. Sisson, since deceased, at the price of $200, a lot or parcel of land, with a house thereon, situate in Kanawha

county, near Sissonville, containing about four acres. The contract was a verbal one, and included as appurtenant to said land the use of wood and timber necessary therefor from the adjoining lands of said Sisson. Complainant was living on the place under a year's lease at the time of the purchase, and continued in possession under this purchase until the beginning of the late war, when he was compelled to abandon the county on account of his political opinions. His wife continued in possession until September, 1861, when she left the place for another owned by plaintiff in Putnam county. When she left she put a tenant, one —— Bostwick, in the house, Complainant paid the full amount of the purchase money to said Henry C. Sisson in his life time, and said Sisson then offered to make him a deed for the said property, but on account of the trouble that came on, it was not done. He died in the year 1865, without making a deed. The land was surveyed, and a map thereof made by A. P. Sinnett, a surveyor, at the instance of said Sisson, &c. * * * * Besides paying in full for said property as aforesaid, complainant has made permanent and valuable improvements thereon." Complainant prays that a deed shall be made him for the property, and such relief as the circumstances of his case may require. The adult defendants filed their joint answer, by which they do not deny the parole contract, but admit that of their own knowledge they know but little of the transactions between plaintiff and Henry C. Sisson, but say, "they are, however, informed and so charge that the complainant has not paid any part of the sum of $200, which in the said bill is alleged was the price agreed upon for the parcel of land therein mentioned; that at the time the said Vickers family left the said parcel of land, it was understood and considered by all parties to be a complete abandonment of the agreement between Henry C. Sisson and complainant." They call for "strict legal proof" of a full compliance of all the requisites of an agreement made by complainant

with Henry C. Sisson, deceased, for the purchase of the tract of land in the bill mentioned, before any deed therefor is ordered."

They also tendered a special plea in writing, which was ordered to be set down for argument, viz: "that the promise, contract, or agreement mentioned in complainant's bill, or some memorandum or note thereof, is not in writing signed by Henry C. Sisson, or by these defendants, or any agent of the said Henry C. Sisson, or these defendants."

The infants answered by guardian *ad litem,* and there were general replications to the answers. A number of depositions were taken on both sides.

Upon consideration of all which, the court was of opinion "that the proofs take the complainant's case out of the statutes of frauds and perjuries, and holds the plea of said statute for naught, and that the complainant is entitled to the relief prayed for in his bill." The court therefore adjudged, ordered and decreed that "the complainant is entitled to a specific performance of the contract set up in the bill, and to a deed for the land and premises therein mentioned, with a special warranty as to the heirs of said H. C. Sisson, deceased, to the extent of assets descended," &c. The court did not direct a deed to be made, as there was nothing in the papers showing metes and bounds, but did order Sinnett, as surveyor, to make a plat from a former survey, or if he cannot, then to go upon the premises, after giving notice to all the parties, and survey and plat the same, and report his proceedings to the court, to which time the cause was continued.

In the case of *Lowry v. Buffington* and others, decided by this Court and reported in 6 W. Va., 249, the principles applicable to a case of specific execution of a parol contract, are there fully stated, as also the nature and extent of the proofs sufficient to establish the same, and need not be repeated here. I am of opinion this case is, by the evidence, fully brought within the principles

1877.
January Term.

Vickers
v.
Sisson's adm'r et
a/s.

of that case, and that the evidence proves conclusively the material allegations of the bill. It shows that there has been a part performance of the contract for the sale of the land, by the purchaser being put into the possession of the land, a payment of the purchase money, and valuable improvements made on the land by the purchaser. It further shows that Sisson not only admitted the sale, but also the payment of the purchase money and the making of improvements by Vickers, and actually placed tenants in the house after Vickers had left, with the declaration that it was the property of Vickers, and that they must take care of it for Vickers. Leaving the property, under the circumstances, was not an abandonment of the contract, nor of the property. It appears from the weight of the evidence that the purchaser did all that the contract required him to do, and that the vendor neglected to make a proper deed, although he admitted it was his duty and intention to make it, and therefore, the circuit court did not err in adjudicating the principles as set forth in the decree complained of, but should direct a deed to be made to the purchaser. As to the $100 borrowed by Vickers from Sisson, that is a side transaction that has nothing to do with this case. Therefore, upon the merits of the case, and upon the principles laid down in *Lowry v. Buffington*, &c., just cited, and *Purcell v. Miner*, 4 Wall., 513, the decree should be affirmed, with costs and $30 damages against the appellant, and the cause should be remanded to the circuit court, to be there further proceeded in according to the principles and rules governing courts of equity.

Judges Haymond and Green concurred with Moore, Judge.

DECREE AFFIRMED, with costs and damages, and cause remanded.