JOHN HIBBERT V. THE UNKNOWN HEIRS OF WILLIAM AYLOTT.

1. STATUTE OF FRAUDS.—Possession alone of land claimed under a parol sale, will not be sufficient to take the sale out of the operation of the statute of frauds.

2 SAME —A tenant in possession contracted with his landlord, by parol, for the purchase of the leased premises. Relying upon his purchase, with the knowledge and consent of his landlord and in accordance with the terms of purchase, he removed the old buildings, and at his own charge erected valuable buildings in their stead, and tendered afterwards the amount of purchase-money agreed upon. By the terms of the parol agreement, the deed was to have been made on the expiration of the lease. The landlord died before the lease expired, without executing a deed: *Held*—

    1. That the facts relieved the contract from the operation of the statute of frauds, and entitled the purchaser to specific performance.

    2. There being no administration on the vendor's estate, relief could be afforded by proceeding against the heirs, who were both proper and necessary parties.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

Suit by John Hibbert, whose petition charged that on May 29, 1871, John Hibbert leased of William Aylott, for a term of five years, lots 6 and 7 in block number 498 in the city of Galveston; that at that time plaintiff was the owner of lot number 5 in the same block, having some time previously purchased the same for the purpose of erecting thereon permanent and valuable improvements; that appellant went into peaceable possession of lots 6 and 7, upon which he had, under a previous lease, constructed a wooden building, wherein he carried on his business of family grocer; that on May 5 following, in a conversation with said Aylott, appellant informed him that he had purchased lot number 5 for the purpose of erecting valuable improvements thereon, and had already purchased brick enough to build a fine two-story brick house thereon, for the purpose of his (plaintiff's) business; that said Aylott then and there urged him not to do so, as lots numbers 6 and 7 were a

better location, to which appellant objected, because he said he could not risk so much expenditure on property not his own; whereupon Aylott agreed, by parol, that if he (Hibbert) would, in the place of the old wooden building then on said lots 6 and 7, erect a substantial brick business house, he (Aylott) would convey to him (Hibbert) said lots at any time before or at the expiration of his lease for the sum of $3,000, to which Hibbert agreed, and on or about August 12, 1871, commenced the removal of the wooden building, and to erect in its place a two-story brick building; that Aylott was often present during the course of the erection of said building and expressed his approbation thereat, and repeated his promise made at the time the work was commenced. Soon after the completion of the building—to wit, in February, 1873, before the expiration of the lease—Aylott died, and thereafter this suit was brought for the enforcement of specific performance of the parol contract.

Upon final hearing in the court below, the demurrer to plaintiff's petition was sustained and the cause dismissed at cost of plaintiff. From this judgment the plaintiff appealed.

*Flournoy, Sherwood & Scott,* for appellant.

I. A person seeking equitable relief by decree of specific performance of a parol contract, in reference to the sale of lands, must show (1) that the contract sought to be enforced is clear and definite in all its parts, and unambiguous; (2) that there must have been a complete performance of the contract on the part of the person seeking relief, or part performance, in good faith, and a readiness on his part to fulfill his engagements in the contract. (Taylor *v.* Ashley, 15 Tex., 50; Ottenhouse *v.* Burleson's Administrators, 11 Tex., 87.)

The contract, so far as the same was required to be performed immediately, to wit, the erection of the house, was performed immediately, and as to the payment of the purchase-money, so long as it was made within the time prescribed, no one could complain; and the performance of part of the contract

within one year was sufficient to take the contract out of the statute of frauds, so far as relates to the fourth and fifth clauses of the first section of our statute of frauds, in article 3875 of Paschal's Digest.

II. It has been decided repeatedly by this court that payment of the purchase-money, coupled with possession, constitutes part performance. (Dugan's Heirs *v.* Colville's Heirs, 8 Tex., 126; Garner *v.* Stubblefield, 5 Tex., 552; Taylor *v.* Rowland, 26 Tex., 293.)

This doctrine is recognized by this court as law in the case of Hendricks *v.* Snediker, 30 Tex., 297, and by the Supreme Court of the United States in the case of King's Heirs *v.* Thompson, 9 Pet., 204; and is also laid down as the correct doctrine in 2 Story's Equity Jurisprudence, sec. 763.

*Burroughs & Allen,* for appellees.—The demurrer was properly sustained, because it did not appear in or by the petition that the appellant entered into possession of the premises and made improvements thereon, under and by virtue of the parol purchase; but, on the contrary, it does appear that at the time, and long anterior to the purchase, he was in possession of the premises as the tenant of William Aylott, and holding under a written lease from him; and therefore the facts set out in the petition do not disclose such a part performance of the contract as will take it out of the statute of frauds. (3 Wash. on Real Prop., 215, and cases there cited; 1 Story's Eq. Jur., 762, 793; 4 Kent's Comm., p. 497; Wood *v.* Thornly, 58 Ill., 464; Jacobs *v.* Peterborough and Shirley Railroad Co., 8 Cush., 224; Semmes *v.* Worthington, 38 Md., 298.)

BONNER, ASSOCIATE JUSTICE.—Although it has been regretted by wise and learned judges that any exception should have been ingrafted by the courts upon the statute of frauds, yet, upon the principle that a law which was passed to prevent frauds should not be made the instrument to perpetrate them, the doctrine is now firmly established, that a sufficient part per-

formance will entitle the vendee to demand a specific performance of a parol contract for the sale of land which otherwise, under the statute, would be invalid.

It is contended for appellees, the unknown heirs of William Aylott, deceased, that as appellant Hibbert was, previously to the contract of sale, in possession as a tenant, his act of remaining in possession thereafter was not such part performance as would take the case out of the statute. The authorities cited to sustain this position seem to be cases from those courts in which possession alone is held to be sufficient to enforce a parol contract, and are based upon the reason that as there was no visible change in the possession of the tenant, and no change in the condition of the parties by reason of possession, hence there was no such part performance as would make the parol contract binding.

The doctrine, that possession alone would be sufficient to take the sale without the statute, has been expressly denied by this court. (Ann Berta Lodge v. Leverton, 42 Tex., 26.)

If appellant's case depended upon possession alone, we would not hesitate to affirm the judgment. It appears, however, from the petition, to which exceptions were sustained, that, at the instance and request of William Aylott, appellant Hibbert removed the old buildings first occupied by him under the lease and erected valuable improvements instead thereof, and which he had intended to have placed upon his own lot; that Aylott was present and encouraged the work; that the purchase-money had been tendered under the terms of the contract; that the subsequent possession was consistent with it; and that by the unexpected death of William Aylott before the expiration of the lease, actual performance by him had been rendered impossible. We are of opinion that these circumstances, under the authority of adjudicated cases, demand the equitable interposition of the court to decree a specific performance. (Lester v. Foxcroft, 1 Lead. Cas. in Eq., 537; Ponce v. McWhorter, 50 Tex., 571, and authorities cited.)

We do not think the proposition well taken, that this action

cannot be maintained against the appellees as heirs of William Aylott. Upon his death his property vested in his heirs, and there being no administration, they were both proper and necessary parties. (Paschal's Dig., art. 5488.)

We are of opinion that there was error in the judgment of the court below sustaining the demurrer to the petition, for which the same should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 13, 1880.]