## JOHNSON et al. v. KIMMELL.

No. 24764.    March 26, 1935.

Rehearing Denied May 21, 1935.

R. Emmett Stewart, J. Bernard Smith, and C. G. McKoin, for plaintiffs in error.

Bower Broaddus and Julian B. Fite, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Muskogee county. The parties herein will be referred to as they appeared in the trial court.

The case was brought by J. L. Kimmell, plaintiff, against Yvette Davidson and Rosie Johnson, administratrices c. t. a. and devisees, defendants, for the specific performance of an oral gift of a four-acre tract of land from Sarah P. Davidson, since deceased, to J. L. Kimmell, the land being situated about four miles west of Muskogee on the paved highway leading to Okmulgee and to Tulsa, Okla.

In the spring of 1927, J. L. Kimmell went into possession of this tract of land under lease contract, whereby he paid the sum of $5 per month for the use and occupancy of the property, where he engaged in the busi-

ness of breeding and training dogs. He continued such occupancy up until and during the month of April, 1929. During such period he had performed various services of a beneficial nature for Sarah P. Davidson, the owner and lessor of said tract, and had been kind and helpful to her. During the latter part of April, or about the first day of May, 1929, J. L. Kimmell, plaintiff, alleges that Sarah P. Davidson, owner and lessor, gave the four-acre tract to him, pointing it out at the time by metes and bounds. With the knowledge and consent of Sarah P. Davidson, he then proceeded to make and completed additional improvements of a permanent character on the land and continued to perform various services for the donor at her request.

In their separate answer and cross-petition Yvette Davidson and Rosie Johnson Burr, administratrices of the estate of Sarah P. Davidson, deceased, and Yvette Davidson and Rosie Johnson Burr, as the sole devisees under the last will and testament of Sarah Davidson, deceased, defendants, denied specifically and generally the material allegations of plaintiff's petition, admitting, however, that Sarah P. Davidson was the owner of the four-acre tract at all times alleged.

Further pleading, they alleged the facts to be that the last will and testament of the said Sarah P. Davidson, deceased, devised and bequeathed to these answering defendants, Yvette Davidson and Rosie Johnson Burr, all right, title and interest in and to said lands and premises, together with other lands, and that by reason thereof these said defendants are the owners thereof in fee simple; said will being admitted to probate on or about the 28th day of May, 1931, by order of the county court in and for Muskogee county, Okla., which is hereby referred to and made a part hereof.

The defendants then asked that their title in and to said lands be quieted and confirmed.

The defendants Yvette Davidson and Rosie Johnson Burr, devisees of the last will and testament of Sarah P. Davidson, deceased, filed their cross-petition, alleging that their title to the tract in controversy was acquired by will duly probated in the county court in and for Muskogee county, Okla., and filed for record in book _____, at page _____ the same being the last will and testament of Sarah P. Davdson, deceased, who was the owner of said above-described real property in her lifetime and at her death.

The issues thus joined were tried to the court, and judgment for specific performance completing the gift to plaintiff, J. W. Kimmell, was duly given. From this judgment plaintiffs in error appeal, and ask that the judgment of the trial court be reversed, and that this court render judgment in their favor quieting title of the disputed tract in them.

While the plaintiffs in error plead 11 assignments of error in their brief, they present but four major propositions, which they say embody all the questions material to the issues here.

The first question to be determined is whether equity will decree specific performance of the oral gift of the tract in dispute as pleaded in plaintiff's petition in the trial court. Plaintiffs in error insist that such a gift is invalid. They say "this case turns and must stand or fall" by the provision of the statute of frauds. While oral gifts as a class are denied such remedy, yet equity, in order to administer equity and prevent fraud, has found it necessary to make exceptions and grant such relief.

If the giving orally of the tract in dispute embodied the whole of the transaction, it would fall within the provision of section 5034, C. O. S. 1921 (sec. 9455, O. S. 1931), as cited:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent."

The oral giving of the tract, however, was not all of the transaction alleged. The petition further alleges that the plaintiff, Kimmell, was in the possession of the tract when the owner made the oral gift and pointed out by metes and bounds the four-acre tract then occupied by the plaintiff as the tract she was then giving to him; that the plaintiff had rendered beneficial services to the donor during his two years' tenancy and continued to do so as requested by her; that, induced by the prospects of ownership, the plaintiff, with the knowledge and consent of the donor, made and completed improvements of a permanent character on the tract at a cost of $1,900. It was these follow-up, good faith transactions, as pleaded by the plaintiff, that lifted the oral gift out of the provision of the statute cited. In support of this conclusion, we quote from the brief of plaintiffs in error at pages 140 and 141:

"It is true," they say, "that a gift of land resting in parol will be upheld in cer-

tain cases and under certain circumstances. But in order to sustain such conveyance three things must appear: First, the gift must be proved with reasonable certainty; second, possession of the land must have been taken under the gift; and third, that the donee actually expended money on the premises by way of improvements under and in the face of the gift."

Supporting this statement of the law, plaintiffs in error cite Rowe v. Henderson, 4 Ind. Terr. 597, 76 S. W. 250, holding:

"A party claiming land by virtue of a parol gift must, in order to take the conveyance from the statute of frauds, prove the gift with reasonable certainty, that possession was taken thereunder, and that the donee, on the faith of the gift, expended money for improvements."

It is refreshing to learn that even as far back as the territorial days of Indians, courts of equity were decreeing specific performance in such cases. Plaintiffs in error might well have cited the opinions of our own Supreme Court, such as for instance the case of Reid v. Reid, 115 Okla. 58, 241 P. 797, wherein the court in the third paragraph of the syllabus says:

"The general rule is that a parol gift of land, accompanied by possession by the donee, will be enforced in equity when the donee has been induced, by the promise of the gift to make valuable improvements to the land, of a permanent nature, and to such an extent as to render a revocation of the gift unjust, inequitable, and a fraud upon the donee. Such a state of facts will take the case out of the statute of frauds, and entitle the donee to enforce specific performance of the gift, or to defend his possession against the donor or his heirs. It must be shown, however, that possession was given and taken in pursuance of and in reliance on the gift, with the knowledge and consent of the giver, and that such possession was exclusive. It is held that defendant's evidence in this case is sufficient to meet the requirements of this rule."

This syllabus is a quotation from 28 Corpus Juris, 656, and is supported by citations from United States, Arkansas, California, Colorado, Georgia, Illinois, Indiana, Indian Territory, Iowa, Kansas, Maine, Maryland, Michigan, Minnesota, Montana, Missouri, Nebraska, New Hampshire, New Jersey, New York, Pennsylvania, South Dakota, Texas, Utah, West Virginia, and Wisconsin.

In 58 Corpus Juris, at page 1053, the rule is stated as follows:

"In general, a parol gift, or, as is sometimes provided by statute, a promise of a gift, of land is not specifically enforceable. But where the parol gift of, or promise of a gift of, land has so induced the donee to make a change of condition that to refuse specific performance would be inequitable, as where the donee has obtained possession and has been induced by such gift, or promise of a gift, to make valuable permanent improvements to the land, where such parol gift, or promise, to give, is supported by a sufficient consideration, as where the donee has obtained possession and has been induced thereby to make valuable permanent improvements to the land, although it is said that gifts of, and promises to give, land, being of necessity voluntary, are not specifically enforceable; and where there has been a sufficient part performance to take the agreement out of the statute of frauds, specific performance will be decreed."

The Supreme Court of the United States said in this regard, in Neale v. Neale, 9 Wall. 1, 19 L. Ed. 590, at page 592 of L. Ed. as follows:

"The statute of frauds requires a contract concerning real estate to be in writing, but courts of equity, whether wisely or not it is too late now to inquire, have stepped in and relaxed the rigidity of this rule, and hold that a part performance removes the bar of the statute, on the ground that it is a fraud for the vendor to insist on the absence of a written instrument, when he had permitted the contract to be partly executed. And equity protects a parol gift of land, equally with a parol agreement to sell it, if accompanied by possession, and the donee, induced by the promise to give it, has made valuable improvements on the property."

From the authorities cited, it must clearly appear that equity will decree performance of an oral gift of land accompanied by possession by the donee, when in reliance on the gift he has made valuable improvements with the permission of the donor, believing he was the owner of the property. Reid v. Reid, 115 Okla. 58, 241 P. 797; Neale v. Neale, 9 Wall. 1, 19 L. Ed. 590; Farrar v. Goodwin (W. Va.) 126 S. E. 922; Dougherty v. Harsel (Mo.) 3 S. W. 583; 28 C. J. 656, and cases there cited.

In direct answer to the first and second propositions of plaintiffs in error, which in fact present but one contention—that the petition failed to plead such a gift as equity would complete by specific performance—we reach the conclusion that the pleading was substantially sufficient, and that the demurrer was properly overruled.

The third contention is that the plaintiff, Kimmell, was not a competent witness to

establish an oral gift from the deceased donor "where the adverse parties to the suit were the administratrices of the estate of the donor and one next of kin."

Neither the pleadings nor the evidence show that the heirs at law or "next of kin" of Sarah P. Davidson, deceased, if any such existed, were parties to the suit or made any appearance or claim of interest in this case. In the objections to the competency of the witness Kimmell, heirs at law and "next of kin" were included in the objections made, but such reference did not make them adverse parties. Neither does counsel's inclusion of "next of kin" in their third contention in their brief make them adverse parties here. In their separate answer and cross-petition Yvette Davidson and Rosie Johnson Burr did not plead relationship with the deceased, either as heirs at law or "next of kin." On the other hand, they pleaded they were the administratrices of the estate of Sarah P. Davidson, deceased, and the sole devisees under the last will and testament of the deceased; they pleaded that Yvette Davidson and Rosie Johnson Burr were the owners of the legal estate in fee simple and the equitable estate of the tract claimed by plaintiff, Kimmell; that their title was acquired by the last will and testament of the deceased admitted to probate, and that they, as devisees, were entitled to the possession for which they asked judgment.

In ruling upon the various objections made, the trial court held that plaintiff, Kimmell, was an incompetent witness as against the administratrices, heirs at law and "next of kin," but that he was a competent witness as against Yvette Davidson and Rosie Johnson Burr, as sole devisees. Plaintiffs in error insist that the plaintiff, Kimmell, was an incompetent witness as against the devisees. There is no contention here that the administratrices, as such, claim any right or interest in this suit. The contest is solely between Kimmell and the devisees. Under such circumstances, was Kimmell a competent witness to testify concerning transactions had with the deceased?

In the case of Grosshart v. McNeal, 95 Okla. 102, 218 P. 329, the administratrix of the estate was joined as one of the parties, but asked no affirmative relief. The court summarily disposes of the question as to the admissibility of the evidence as to her without ruling on the question, merely stating on page 102 of 95 Okla., that there is no contention made by the administratrix concerning her right, and that the case is between two other parties. That is the case here. No contention is made on behalf of the administratrices of the estate of Sarah P. Davidson, deceased, but the same parties in their own right as devisees are claiming the property. We apprehend that there is no difference in the rule, merely because the administratrices of the estate happen to be one and the same persons as the devisees. Where a party sues or defends in both his individual capacity and as representative of deceased, he is not entitled to protection of the statute in his individual capacity. 70 C. J. p. 285, sec. 367, and cases cited. These parties are claiming as devisees, and as such their contention must stand or fall. The devisees are not of the classes mentioned in this statute. This question has been litigated before, and has been decided by this court against the contention of the plaintiffs in error.

In Devin v. Mitchell, 142 Okla. 233, 286 P. 335, the first paragraph of the syllabus states:

"A legatee is not an assignee within the meaning of section 588, C. O. S. 1921. And in an action against such legatee to recover property claimed by her under the will, the party plaintiff claiming the property, as donee, may testify to conversations and transactions had with deceased."

And, in the body of the opinion, after going into some detail as to what constitutes "assignee," the only possible term of the statute including a legatee, the court concludes on page 234, of 142 Okla.:

"We think this holding decisive of the case at bar. Accepting the definition of an assignee as therein announced, the defendant was not an assignee within the meaning of the statute, and the evidence complained of was properly admitted."

Of course, a legatee and a devisee, under law, have no difference other than one takes personalty and the other takes realty, and the rule is equally applicable as to both. This last case is a case of a gift, and complete review of the holdings of the various courts with regard to the statute, and the ruling therein, is in accord with the great weight of authority.

The cases cited by plaintiffs in error are all cases wherein the administrator was the real party in the litigation, making a claim in his representative capacity, or defending a claim against him in his representative capacity. Such cases are inapplicable here, when the administratrices, as such, in their answer pleaded that the devisees are sole

parties in interest adverse to the claims of the plaintiff, Kimmell.

It is the established rule in this state that statutes disqualifying parties from testifying are to be strictly construed. It is the policy of the law to permit witnesses to testify freely in court, and in this connection we quote from the opinion of our own Supreme Court in the case of Grosshart v. McNeal, supra:

"The rule is that a witness is competent to testify in his own behalf as against his adversary. His disqualification to testify is the exception to the rule. Section 5049, Rev. Laws 1910, disqualified a witness to testify in his own behalf as to transactions had personally by the witness with a deceased person only when the conditions mentioned in said statute exist. Said statute cannot be extended by interpretation to render the witness offered disqualified, except where the opposite party is brought by the express provisions of said statute within one of the classes of persons therein specifically named."

The fact that an administrator happens to be one of the parties to the suit does not, of itself, make the witness incompetent to testify concerning transactions had with the deceased. Merely because the name of the administrator appears among the parties to a litigation has no effect if there is no right claimed by the administrator as such.

Under the state of facts as developed by the pleadings and evidence in this case, the trial court properly held that J. W. Kimmell, donee, was a competent witness to testify concerning the transactions had with Sarah P. Davidson, deceased.

The fourth proposition of plaintiffs in error challenges the sufficiency of the evidence to support the finding and judgment of the trial court. Under this assignment of error it is insisted that J. W. Kimmell, as tenant, was estopped from claiming the land as a gift from his landlord; that re-entry of the tract as owner was necessary to distinguish the assertion of such right from that of possession as tenant, and that the evidence was wholly insufficient in this respect. As a general principle of law, the tenant will not be permitted to question his landlord's title, and such principle does not require the citation of authorities to support it. The facts developed in this case, however, take it out of the general rule. This contention of plaintiffs in error is directly answered in the case of Campbell v. Fetterman's Heirs, 20 W. Va. 398, wherein the Court of Appeals says:

"As a general rule a tenant is not permitted to question his landlord's title; yet from the time that the landlord has notice that the person who formerly held as tenant claims to be in possession, not as tenant but in his own right, the relation of landlord and tenant ceases."

This is likewise the rule in Oklahoma, and it has been held by the Oklahoma courts that where the other elements are sufficient to make out a title to land acquired orally, the fact that the grantee was in possession as a tenant does not bar him from setting up a new title by him acquired. McCormick v. Stonebraker, 133 Okla. 34, 270 P. 1098.

In 58 Corpus Juris 1009, the rule is laid down as follows:

"The making of valuable and permanent improvements on property, under an oral contract for the conveyance of lease thereof, by one whose possession antedates the agreement and continues thereafter, is ordinarily held to constitute sufficient part performance thereof, provided the improvements are of such character and magnitude as to be inconsistent with his former right or relation and not reasonably accountable for thereby."

Where valuable improvements have been made of such a character as not to be directly referable to the prior rental contract, the statute of frauds is inapplicable; and although the possession has been continuous, antedating the alleged agreement, yet the grantee under the agreement can prove the claim if his improvements are such as to show an altered possession, and rebut the presumption that his possession relates back to the prior contract. Hibbert v. Aylott's Unknown Heirs, 52 Tex. 530; Vickers v. Sisson's Adm'r, 10 W. Va. 12.

In Hibbert v. Aylott's Unknown Heirs, supra, the Texas court lays down the rule in the syllabus to the case:

"A tenant in possession contracted with his landlord by parol for the purchase of the leased premises. Relying upon his purchase, with the knowledge and consent of his landlord and in accordance with the terms of purchase, he removed the old buildings, and at his own charge erected valuable buildings in their stead, and tendered afterwards the amount of purchase money agreed upon. By the terms of the parol agreement, the deed was to have been made on the expiration of the lease. The landlord died before the lease expired, without executing a deed: Held:

"That the facts relieved the contract from the operation of the statute of frauds, and entitled the purchaser to specific performance."

The fact that a person is a tenant before he enters into a contract for purchase does not alter the case. Campbell v. Fetterman's Heirs, 20 W. Va. 398; Hibbert v. Aylott's Unknown Heirs, supra; Rugen v. Vaughan (Ark.) 218 S. W. 205; McCormick v. Stonebraker, 133 Okla. 34, 270 P. 1698.

In this case, when Sarah P. Davidson gave the tract to the plaintiff, Kimmell, pointed out its metes and bounds, and Kimmell accepted the gift, the change of possession was from that of tenancy to that of ownership. It was made by reason of the landlord's gift of the tract to her tenant. Kimmell says from that time on he discontinued the payment of rent and proceeded to erect valuable improvements upon the land at a total cost of $2,245.25, much of which was for improvements of a permanent character. The evidence shows that during his possession as a tenant up until the time of the gift, all the improvements were readily movable and of a temporary character, the total cost of which did not exceed $300; that during the summer of 1929, following the gift and before the death of the donor, additional improvements were made upon the tract at a cost of some $1,900, some of which were of a permanent character. This expenditure of money and labor upon a rocky tract of four acres, the value of which was shown to be but $200, is evidence which carries conviction that the gift was made as alleged and that the donor, who lived but a quarter of a mile distant and passed the premises frequently and almost daily, was fully informed of Kimmell's change of possession from that of a tenant at $5 a month to that of ownership. We have carefully weighed the evidence in this case, and while it is conflicting, we reach the conclusion that the judgment of the trial court is clearly supported by the weight of the evidence, and should not be disturbed.

The finding and judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys M. C. Garber, A. L. Zinser, and R. W. Simons in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Garber and concurred in by Mr. Simons and Mr. Zinser, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of this court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., and BAYLESS, J., dissent. PHELPS, J., absent.