**BURKHARD v. BURKHARD et al.**

No. 3799.

United States Court of Appeals
Tenth Circuit.

July 5, 1948.

Rehearing Denied Aug. 19, 1949.

A. J. Kriete, Tulsa, Okl. (Arch K. Kriete, Tulsa, Okl., on the brief), for appellant.

Milton W. Hardy, Tulsa, Okl. (Summers Hardy, Tulsa, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This was an action by Bernard B. Burkhard against Adeline Dix Burkhard and John S. Burkhard, Jr., to recover possession of and to quiet title to a house and lot in Tulsa, Oklahoma, known as 1208 South Indian. Leo V. Burkhard, nee Rumble, and Yvonne Tanner came into the action and aligned themselves with plaintiff, Bernard B. Burkhard. O. G. Tanner also came into the action and asked for an equitable lien against the property for the sum of $865.12 expended by him for funeral expenses for John S. Burkhard. Leo Rumble was the wife of John S. Burkhard during his lifetime, Bernard and Yvonne were his children, and O. G. Tanner was his son-in-law, husband of Yvonne.

In the fall of 1931, Leo gave a house located on land condemned by the City of Tulsa to Bernard. He purchased the lot at 1208 South Indian with $250.00 which he had. He borrowed approximately $1600.00 from his Father, John, and used it in moving the house thereon and fixing it up. A deed to the lot was executed to Bernard on October 24, 1931, and was recorded. It was agreed between John and Bernard that John was to collect the rents and pay the taxes and expenses against the property until his $1600.00 was repaid. In the early part of 1933, John advised Bernard that he had found a purchaser for the property. He sold it to one Cluck. On January 6, 1933, Cluck executed a note and mortgage to John for $3,150.00. On the same day Bernard executed and delivered a warranty deed to the property to John. This deed was never placed of record. No consideration was received from John for the deed. Bernard contemplated moving to California and the deed was executed to enable John to take care of the property and to execute a deed to the property if the property was sold and the sale was completed. John agreed to destroy the deed in case the contemplated purchaser did not complete the payments for the purchase of the property. The sale to Cluck was not completed. He moved out of the property and John began renting it to various tenants in the fall of 1933 and continuing until the latter part of 1937, when he and Adeline Dix moved into the property. The rent collected during this time was retained by John, Bernard having in the meantime moved to California. Defendant Adeline Dix Burkhard has since remained in possession of the property. John died in 1947. Bernard then, for the first time, returned to Tulsa, found Adeline in possession of the property, and instituted this action in the Northern District of Oklahoma for possession and to quiet his title against her and her minor son, John S. Burkhard, Jr. In his complaint he alleged that he was the owner of the legal estate in fee simple and the equitable estate in and to the property, that the appellees, Adeline and John S. Burkhard, Jr., were in possession claiming adversely to him and refusing to surrender possession, and that they were without right to possession of the property.

Numerous defenses were set up by Adeline and her minor son, John S. Burkhard, Jr., only one of which is necessary to note because it was the one on which the case was tried and disposed of. Adeline alleged in substance that John and she entered into an oral agreement in which it was agreed that she would help him care for and maintain the South Indian property and other property belonging to him; that she would render personal services to him in return for which she and her children, including her minor son, John S. Burkhard, Jr., should receive the property in question; that she performed her part of the contract; that she had no knowledge of the claim or interest of Bernard in the property, or notice of facts which upon inquiry would have given her such knowledge.

The cause was tried as an equitable action with a jury being employed in an advisory capacity. The court limited the issues in the trial, concerning itself only with the question relating to the oral contract, and did not pass upon any of the other asserted claims by Adeline.

The jury, in answer to interrogatories, found:

1. That the deed of Bernard B. Burkhard to his father, John, was not for the purpose of convenience and to allow his father, John, to complete a sale of the property, but rather was intended by the parties as a transfer of title to the property;

2. That John held himself out to be the owner of the property in question to Adeline Dix and exhibited to her a deed to the property from his son Bernard;

3. That Adeline Dix relied upon such holding out;

4. That John entered into an agreement that Adeline was to help care for and maintain this and other property, and render personal services to him, for which she was to receive the property;

5. That Adeline Dix did not have knowledge or notice of the claim or interest of Bernard Burkhard or notice of such

facts that upon inquiry would have given her such knowledge;

6. That Adeline performed the services and other matters agreed upon during the lifetime of John S. Burkhard.

The trial court set aside the jury's first finding and found the facts established by clear and convincing evidence to be that John held the property in trust for his son, Bernard. The trial court, however, approved the remaining findings by the jury, adopted them as its own findings, and concluded as a matter of law that Bernard had clothed his father, John, with apparent title to the property and had thus estopped himself to deny such title or authority as against a third person, Adeline, who acted in good faith in her dealings with John, and without knowledge of the true ownership. Judgment was accordingly entered that Bernard Burkhard, the appellant, and the intervenors take nothing as against Adeline and John S. Burkhard, Jr., and that the title to the premises be quieted in Adeline and John S. Burkhard, Jr., as against all claims by appellant or the intervenors and those claiming under them. From this judgment appellant, Bernard Burkhard, appeals.

It is first asserted that Adeline waived her right to a trial by jury and that since she pleaded equitable issues she was not entitled to a trial by jury and that the court thus erred in allowing a jury trial. It is not necessary to decide whether Adeline waived her right to a jury if, as a matter of law, she had such right, because the case was not tried and determined by the jury. The jury was used only in an advisory capacity to make recommended findings of fact for the court's consideration. In an equity case it is not error for the court to empanel a jury and submit to it issues of fact, if such findings are treated merely as advisory. Rule of Civil Procedure, 39(c), 28 U.S.C.A. The court made its own findings as is evidenced by the fact that it set aside the jury's first recommended finding and found exactly contrary to such recommended finding.

It is next contended that the court erred in dividing the issues for trial since this prevented Bernard from introducing certain evidence of bad faith on the part of Adeline. One of the asserted claims was that Adeline was the wife of John at the time of his death. The court determined that the issue whether an oral contract was made and carried out should first be tried and that the issue whether Adeline was the widow and could be the widow of John would not be heard. Appellant urges that by this division of the issues he was prevented from showing bad faith on the part of Adeline and her false claim with respect to being John's widow; that by reason of the fact that John was the undivorced husband of Leo, he could not be the husband of Adeline; and the alleged subsequent marriages of Adeline to other persons. If Adeline's claim to the property, by virtue of the asserted oral contract, was good, the other issue was immaterial. Rule of Civil Procedure 42(b) expressly empowers the court to order a separate trial on any issue in the case. Within the purview of that rule, the court did not err in limiting the trial to the one issue of the rights of the parties under the asserted contract.

Appellant also contends that the testimony of Adeline Dix concerning conversations and transactions between her and John relating to the property was improperly received in violation of Title 12, Section 384, Oklahoma Statutes 1941. It is asserted that under this Statute she was prohibited from testifying to such conversations. That statute, in effect, prohibits one from testifying in a civil action in his own behalf concerning such transactions or communications when the adverse party in the action is executor, administrator, heir at law, next of kin, surviving partner, or assignee of such deceased person, where such party has acquired title to the cause of action immediately from the deceased person. But appellant did not institute this action as executor, administrator, heir at law, next of kin, or surviving partner or assignee of the deceased person. He instituted it in his individual capacity claiming to be the fee title owner to such property by purchase. Under such circum-

stances, Adeline was not barred from testifying.[1]

■ It is next contended that the evidence was insufficient to show a valid contract between John and Adeline, and to take it from under the Statute of Frauds, 15 O.S.A. Par. 136. A careful reading of the record does not sustain this contention. There is much in the record which does not reflect credit upon many of the actors in this drama, some of whom are dead and others still living, and no useful purpose would be served by detailing this evidence at length. Generally, it is sufficient to say that there was evidence showing that Bernard executed a deed conveying this property to John; that Adeline saw this deed and relied thereon in her dealing with John; that John and his wife, Leo, had not been living together for years; that he was advanced in years; that his children were paying little, if any, attention to him; that Adeline was a widow; that she and John lived together; that a son was born to them; that it was agreed between them if she would help him with his property, including maintaining it, keeping it rented, collecting the rents, paying the taxes, and take personal care of him, that the South Indian property should be hers. There is evidence that she did all of these things for John, including rendering personal services to him which were not easy of performance; and that she did this relying upon the agreement that this property would be hers. There is also evidence showing that during this time she expended a substantial sum of her own money in repairing, remodeling, and improving the property, relying upon her right and interest under the contract with John; that during all of this time Bernard was in California and was paying no attention to the property and gave it no thought until he came back after the death of his father, when he then, for the first time, made a demand upon her for the possession thereof. All of these facts, if believed as they were by the trial court, are amply sufficient to take the case out of the Statute of Frauds.[2]

■ Appellant's contention that he is not estopped to assert his legal title against Adeline is likewise without merit. He executed a general warranty deed to his father, left it in his possession, and went to California. Adeline saw this deed and relying thereon executed the contract, carried out her obligations thereunder, and expended her own funds in improving the property. The grantor in such a deed is precluded from contradicting it to the prejudice of one who has relied thereon and was induced to alter his position on the faith of the instrument.[3]

■ Little attention need be paid to the final contention that Adeline should not recover because she did not come into court with clean hands. The argument is that her relations with John were illegal and illicit; and that she went into possession of the property and claimed title to it in bad faith. The court did not make a specific finding on this question but since it found in favor of Adeline, it is implicit in its findings that the issue was resolved against Bernard.

■ Again no useful purpose would be served by setting out all these facts relating to the neglect of John by the members of his family, and all the other circumstances in this family relationship. It is sufficient to say that the court's finding that Adeline performed her part of the oral contract is borne out by the record that she rendered personal services to John when he was abandoned by his wife, son, and daughter, and from the record as a whole it cannot be said that the court erred in failing to find that she came into court with unclean hands.

A careful reading of the entire record impels the conclusion that no reversible error was committed and the judgment is, therefore, affirmed.

[1] See Johnson v. Kimmell, 172 Okl. 315, 44 P.2d 978; Ogle v. Oklahoma City Horse & Mule Commission Co., 173 Okl. 34, 47 P.2d 130.

[2] Collins v. Lackey, 31 Okl. 776, 123 P. 1118, 40 L.R.A.,N.S., 883, Ann.Cas. 1913E, 507; Boese v. Childress, 83 Okl. 60, 200 P. 997; Johnson v. Kimmell, 172 Okl. 315, 44 P.2d 978.

[3] Nickel v. Janda, 115 Okl. 207, 242 P. 264; Curry v. Southwall Corp., 192 Okl. 590, 138 P.2d 528.