## LUCIA v. SCHAEFER et al.

No. 13281—Opinion Filed June 10, 1924.

Rehearing Denied Feb. 17, 1925.

Second Rehearing Denied April 7, 1925.

**1. Gifts—Burden of Proof to Establish Title.**

Where a party claims title to property by gift, the burden of proof is on the one who asserts the gift to prove all the essential elements to consummate the gift, and his evidence must be clear and satisfactory.

**2. Same—Parol Gift—Requisites.**

A parol gift must be an absolute present gift, not a promise nor the expectation of some future act, and must become effective immediately.

**3. Public Lands—State School Lands—Conveyance by Holder of Certificate for Purchase—Invalidity of Gift.**

Section 5240, Comp. Stat. 1921, under the head of "Conveyances," provides:

"No deed, mortgage or other conveyance, relating to real estate or any interest therein, other than for a lease for a period not to exceed one year, shall be valid until reduced to writing and subscribed in writing by the grantors."

A holder of a school land certificate for purchase. of school lands cannot assign his interest therein except as provided by section 9331, Comp. Stat. 1921, which section provides that all assignments shall be in the form and executed and acknowledged as required under the laws governing conveyances, and the assignment to be valid must be duly recorded in a proper book, kept for that purpose by the Commissioners of the Land Office, and the assignment must be approved by the Commissioners of the Land Office and the payment of all principal and interest due to the date of the transfer and the original certificate must be surrendered and a new certificate issued to the transferee and the transferee must execute a new purchase note for deferred payments and original note executed by the original purchaser must be surrendered to the Commissioners of the Land Office and canceled. Held, that this form of transfer by a purchaser of school land before patent issues is exclusive, and the defendants in the instant case could not acquire title by gift from the original purchaser when he has failed to comply with the express provisions of the statute, and the plaintiff, having met all the requirements of the statute in this case, must be decreed to own all the rights of the original purchaser so transferred to her.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Blaine County; Thomas A. Edwards, Judge.

Action by Dollie Coppage Lucia against Charles Schaefer and Esther Schaefer, for possession of real estate and for rents and to quiet title. Judgment for defendants. Plaintiff brings error. Reversed.

Shirk, Danner & Fowler and Foose & Brown, for plaintiff in error.

J. P. Wishard, for defendants in error.

Opinion by THOMPSON, C. This action was originally commenced in the justice of the peace court of Watonga, Blaine county, Okla., by Dollie Coppage Lucia, plaintiff in error, plaintiff below, against Charles Schaefer and Esther Schaefer, defendants in error, defendants below, under the forcible entry and detainer act for the possession of the northwest quarter of section 36, township 17 north, range 10 west of I. M. An affidavit was filed by the defendants in error, claiming that the title to the land was involved, and the cause of action was certified by the justice of the peace to the district court of Blaine county, Okla., and, thereafter, two other suits were filed by the plaintiff in error against the defendants in error for rents from the property for the years 1918, 1919, 1920, and 1921, and at the time the original action was called for trial, by stipulation of counsel, it was agreed to try all causes together, and the three causes were consolidated and tried as one cause.

The parties will be referred to as plaintiff and defendants, as they appeared in the lower court.

The original action consists of the ordinary allegations for an unlawful detainer action, under the statute laws of this state, to which the defendants answered by way of general denial, and set up their claim of ownership in fee simple to the property, and that they were in actual, quiet, peaceable, open, notorious, exclusive, and adverse possession of the land in controversy, and that they had purchased said property from Conrad Schaefer several years before, and that they had erected valuable, lasting, and permanent improvements on said land, consisting of a house, barn, windmill, cave, cistern, fence, and other lasting improvements upon the same, and that the plaintiff and those through whom she claimed had not been in possession of the lands and had not taken rents therefrom for more than a year prior to the filing of the complaint, on the 10th day of September, 1919, and that

said attempt to take title was a crime under the statute law of the state of Oklahoma, and prayed that plaintiff take nothing, and asked that said action be transferred to the district court of Blaine county, and to quiet title in them, and that they have judgment for costs.

That said cause was thereupon transferred by the justice of the peace to the district court of Blaine county, Okla., and filed in said court.

That after said transfer the plaintiff filed reply by way of general denial and filed amendment to the reply, alleging that if defendants were by the court declared to be the owners of the property, she was entitled to a lien on the real estate and premises described in her petition for taxes and installments paid by her to the Commissioners of the School Land Department, as she had paid the School Land Department on back installments $620.68, being the amount past due the state of Oklahoma on contract for purchase, entered into by and between Conrad Schaefer and the state of Oklahoma, and that on the 14th day of November, 1918, she paid the Commissioners of the School Land Department $69.94, the amount then due on the installment for purchase price; that she paid the county treasurer of Blaine county the sum of $70.25 taxes for the year 1919, and that she paid the taxes for the year 1920, and that such payments were made to prevent the School Land Department from forfeiting said contract, and to prevent the county treasurer of Blaine county from selling said property for nonpayment of taxes, and prayed judgment for the sum of $760.87, together with interest thereon at the rate of six per cent. per annum from the date of said payments, and for judgment for the taxes for the year 1920, in the event said defendants should be found to be the owners of said real estate. That, thereafter, upon the application of plaintiff, a receiver was appointed for said property.

That, thereafter, plaintiff filed two actions for the recovery of rents from the lands in controversy, claiming that Charles Schaefer, one of the defendants, was a tenant on the lands in controversy, and claiming that he owed rents for the crop seasons of 1918 and 1919 under an oral contract with K. Conrad Schaefer, the party from whom she purchased, claiming the right to the rents by virtue of a bill of sale made and executed to her on the 25th day of June, 1919, by K. Conrad Schaefer, conveying to her all the improvements and one-third of the wheat crops for the years 1918

and 1919 from the lands in controversy, together with certain other personal property, mentioned therein, and that she was entitled to said rents for 1920 and 1921 since her purchase.

Charles Schaefer answered by way of general denial. admitting, however, that he was at all times occupying the premises, described in plaintiff's petition, and asked that the petition be denied.

The three cases, having been consolidated and tried as one case, proceeded to trial on the 13th day of September, 1921, upon the issues as above set out in this opinion before a jury.

At the close of the testimony on part of the plaintiff, the defendants demurred to the sufficiency of the evidence, which demurrer was overruled and exceptions reserved, and at the close of the testimony on part of the defendants the plaintiff demurred to the sufficiency of the testimony on part of the defendants, which was overruled and exception reserved.

The cause was submitted to the jury upon special interrogatories and defendants were granted leave to amend their answer by inserting the words "by gift" after the word "purchase," the same to read, "purchase by gift," over the objections of the plaintiff.

The plaintiff excepted to the giving of instructions Nos. 2, 3, and 4, and asked that the court instruct the jury to answer, "No," to the special interrogatory No. 1, which is as follows:

"Did Conrad Schaefer prior to June 25, 1919, give the land in question to the defendant, Charles Schaefer?"

—which request was refused by the court.

The case having been submitted to the jury on nine special interrogatories. the jury returned its verdict in favor of the defendants and against the plaintiff upon all issues submitted to it, and found that the value of one-third of the crops for the year 1919 was $1,000, for 1920, $750, and for 1921, $210, and that Conrad Schaefer gave the land to the defendant. Charles Schaefer, prior to June 25, 1919; that he entered into possession of said land under claim of ownership; that he placed valuable improvements thereon to the value of $2,200. and that defendant Charles Schaefer was in possession of said land on June 25, 1919, under claim of ownership and not as tenant of Conrad Schaefer; that plaintiff had not paid Conrad Schaefer anything for the land in question.

Thereafter, plaintiff filed motion to set aside, vacate, and hold for naught the special verdict or answers to interrogatories returned by the jury in said action, for the reason that there was no style or caption to the interrogatories and the same bears no title to any cause of action pending in the district court of Blaine county; to set aside the answer to the interrogatory No. 1, for the reason the same is contrary to the evidence and that the land involved in said action is school land, and that the title to the same remains in the state of Oklahoma, and that the court was without authority to try or determine the claims of the defendants to the right or title to said school land, and that findings Nos. 2, 3, 4, and 5, for the reason that the same were contrary to the evidence and not sustained by the evidence, and for the further reason that the same was school land, and the title to the same remained in the state of Oklahoma, as set forth in the objections to the first finding, and that in finding No. 4, the amount assessed on the value of improvements was given under the influence of passion and prejudice, and objects to findings No. 7 and No. 9 for the reason that the value of the one-third of the crop assessed by the jury was too small; that the finding should be for 1920, $1,275, for 1921, $2,000; and also filed motion for judgment notwithstanding the special findings by the jury for restitution of the land of plaintiff involved in the action, and that she have judgment for the value of the crop for 1919 in the sum of $1,000, for 1920 in the sum of $420, and for double the value of the crop for 1921 in the sum of $2,450. Plaintiff filed motion for judgment notwithstanding the verdict, for the reason that said findings of the jury were not supported by the evidence, and were contrary to the evidence and law, and were rendered under the influence of passion and prejudice, and that the court was without authority or jurisdiction to try to determine the claims of the defendants to the right or title to said lands, for the reason it was school land and the title therein vested in the state of Oklahoma, and without waiving any right to the request in the foregoing paragraph of said motion, plaintiff further moved that the court render judgment in favor of the plaintiff in the sum of $2,000 with interest at six per cent. per anuum from June 25, 1919, being the amount of the purchase price paid by her for the assignment of the said school land certificate, and for $912.12 for installments paid by plaintiff to the School Land Department upon said land, and for $151.79, taxes paid

by plaintiff for the years 1919 and 1920, together with interest thereon at six per cent., and that plaintiff be declared a lien upon said land for said amounts.

Thereafter, plaintiff filed motion for new trial and a second motion for new trial, and the court, after hearing all of said motions filed by plaintiff in said cause, overruled each and all of them, to which rulings of the court upon each motion the plaintiff reserved an exception. The court pronounced judgment in favor of the defendants and against the plaintiff for possession of said real estate, and sustained the answers to the special interrogatories returned by the jury, and found that the plaintiff had no right, title, or interest, or right of possession in or to said real estate, and that the defendants were the owners of the title of K. Conrad Schaefer, and entitled to all the interest of K. Conrad Schaefer in said property, and that plaintiff have and recover of and from the defendants and each of them the following amounts: $620.68 with interest at six per cent. from July 1, 1919; $69.94 with interest at six per cent. from November 4, 1919; $222 with interest at six per cent. from September 10, 1921, for amounts paid by her to the School Land Department on the installments, and that she recover of and from the defendants the sum of $70.25 with interest at six per cent. from June 4, 1920, and $81.54 with interest at six per cent. from July 30, 1921, for taxes paid the county treasurer of Blaine county, and declared a lien upon said property for the payment of said amounts, and ordered a sale of the property in satisfaction of said judgment in case same was not paid by the defendants within 30 days from the date of the judgment.

From which judgment the cause comes regularly upon appeal by the plaintiff for review.

The attorneys for the plaintiff set up seven assignments of error, but content themselves to present the same under the one head, which is as follows:

"All of the above assignments of error will be considered and presented under one head for the reason that the questions presented are simplified to the proposition that the judgment is not sustained by the evidence and is contrary to the law. This being a purely equity case, the verdict or answers of the jury to special interrogatories of course was only advisory to the court, and we will present the matter as an equity case."

This action was begun as a law action, but ended up as a proceeding in equity to

determine title and quiet title, and is treated by attorneys for both parties in their briefs as a proceeding in equity, and the rules applicable to a proceeding in equity must be applied in the instant case.

The undisputed evidence is that all parties to this action claimed through a common grantor, K. Conrad Schaefer, who is the father of the plaintiff, Dollie Coppage Lucia, and the defendant, Charles Schaefer. The land involved in the action is what is known as school land, belonging to the state of Oklahoma, which was held by Conrad Schaefer as a lessee from the state of Oklahoma for a number of years, and was occupied by him and his family for three or four years, and upon which he built a sod house and attached thereto a small room that he brought on his wagon from the state of Kansas; that he then bought a piece of land of his own and moved from the leased premises to the place so purchased, wherein he and his family resided, which included the plaintiff and Charles Schaefer, one of the defendants; that on the 16th day of November, 1915, Conrad Schaefer purchased the land in dispute from the School Land Department at a sale for the sum of $3,100, upon which he made an initial payment of $155 and gave a note for $2,945, in which he agreed to pay the sum of $73.63 on the 16th day of each November, thereafter, until the amount was fully paid, together with interest at the rate of five per cent. per annum, payable annually, on all deferred payments and a first lien was reserved by the state of Oklahoma upon the land and all improvements thereon or to be placed thereon for the payment of the balance of the purchase price, with a penalty, for failure to pay the installments at the time they fell due or any interest thereon; that the School Land Department should cancel the contract to purchase, declare the same forfeited, cancel the certificate of purchase, and that the land, improvements, and all payments should escheat to the state of Oklahoma; said sale and contract were made subject to the statute law of the state, found in article 2, chap. 28, Laws of the state for the year 1909, and any act amendatory thereto. The same was signed by K. Conrad Schaefer and the certificate issued to the said K. Conrad Schaefer by the Commissioners of the Land Office of the state of Oklahoma, by Cam Galt, superintendent of sales, attested by Clifford Barefoot cashier; that the same remained of record in the office of the Commissioners of the Land Office until the 25th day of June, 1919, on which date Dollie

Coppage, who is the plaintiff here, secured an assignment from K. Conrad Schaefer of all the improvements upon the land, together with certain personal property, and for the rents for 1918 and 1919 claimed to be due from the defendant, Charles Schaefer, to K. Conrad Schaefer, and an assignment of the certificate of purchase, and on the 28th day of June, 1919, she paid to the School Land Department and obtained receipts from A. S. J. Shaw, secretary, for the payment of back installments of $620.68, and due installment of $64.94, and on the 10th day of September, 1921, $223.38, and on the 8th day of July, 1919, such transfer was approved by the School Land Department and an assignment made by the School Land Department to Dollie Coppage of the rights of K. Conrad Schaefer to the quarter section of land in dispute, and a new certificate of purchase was issued to the said Dollie Coppage, upon which she assumed to pay the balance of $2,675.01, due from the said K. Conrad Schaefer to the School Land Department, under the same conditions as named in the original contract with the said K. Conrad Schaefer, signed by J. B. A. Robertson, Governor and Chairman of the Commissioners of the Land Office, and attested by A. S. J. Shaw, secretary, in which it was recited that she had obtained the relinquishment of K. Conrad Schaefer of the original certificate, which original certificate was canceled, and that a patent in fee to be issued only upon the payment of the balance of the purchase price, and under the rules and regulations of the department it was provided that no transfer by the holder of the certificate should be valid unless made on the form printed on the certificate and filed with the department within 30 days after execution thereon, and the original certificate surrendered for cancellation, and the plaintiff herein executed her note to the School Land Department for the payment of the said $2,675.01, all of which appears of record in the office of the School Land Department of the state of Oklahoma. That the plaintiff paid all back taxes and all other taxes due upon said land up to the date of the commencement of this action.

The evidence introduced on part of the plaintiff is that she demanded possession of the premises and the rents for the years 1918 and 1919, and that the defendant, Charles Schaefer, refused to pay said rents, but told her and her husband that he rented the farm from his father and would attorn to him for the rents for these two years; that she, her father, and husband, F. B.

Lucia, all testified that the agreed purchase price was $5,000; that the father, K. Conrad Schaefer, owed the husband $2,000 for borrowed money, for which he executed his notes, which included interest; that she assumed the balance of the purchase price and executed her note to the state, as heretofore stated, paid all of the overdue installments and the taxes, which were in default, and their testimony is positive upon this proposition, and there is no effort to dispute this indebtedness except an attempt was made to show by former evidence, taken in a bankruptcy proceeding, that there was a slight deviation in the statements of the witnesses made in that action to those made in this action, but upon a careful reading of the evidence there was no substantial contradiction as to the amount of the indebtedness. Each and everyone of the brothers and sisters of the plaintiff and defendant testified that Charles Schaefer occupied the premises as a tenant of his father, and that he yielded and paid rents to the father up to and including the year 1917; that the improvements placed upon the premises were substantially all put there by the father, who was a carpenter, and that the material that went into the house was paid for by him, as shown by the testimony of the father and the lumber dealer from whom the material was purchased; that substantially all of the fencing material was furnished by the father and that the father paid for the work and material used in making the other improvements by furnishing the material or by rents or otherwise, and that the defendant, Charles Schaefer, never made any claim to any member of the family, or in the presence of any member of the family, to title to the property by gift or otherwise from the father until after the father transferred the property to the plaintiff. The father, Conrad Schaefer, testifies positively that he never gave the land to defendant Charles Schaefer.

The testimony of the defendant is that the property was given to the said Charles Schaefer, was purchased by the father for him, and that he occupied the property under the gift and made valuable improvements, consisting of the house and other outbuildings, fencing, etc., at his own expense, and was in possession of the same under said gift.

The defendant, himself, testified that he was 35 years old on the 10th day of December, 1920, before the trial of this action; that he was married in May, 1910, and that his father told him, first, he would give him the property when he became of age, and then he testified that he was to have it when he got married, and then again he testified that his father gave it to him the day he purchased it to be his when he paid his father back the money that he had paid as the down payment at the time of the purchase, and all installments and back taxes paid by his father. He introduced further testimony that his father, while he was lessee, had told the members of the church, whose church building was located on the premises, that he had turned the property over to Charles and that Charles wanted the church moved; that he had told an oil man he would have to see Charles about an oil lease; that he told an insurance man he would have to see Charles about the insurance; that on the night of the day he purchased the land he told Charles and his wife he had bought it for them, and was going to give it to them if they would name their boy after him. That after he learned of the sale and transfer to the plaintiff he offered to pay his father all the money that had been paid out by his father upon the property on the purchase price, the back installments and taxes, which was refused by his father.

There is considerable other testimony that makes up a voluminous record of over 600 pages, which, in our view of the case, after a careful reading of the same, is unnecessary for further consideration.

It is significant that the defendant, Charles Schaefer, in his original answer, claimed the property by "purchase" from K. Conrad Schaefer, and after all the testimony was in amended his answer to show "purchase by gift."

As we understand the rule, to sustain a gift inter vivos of real or personal property the evidence must go further than a mere preponderance, and must be clear, explicit, and convincing in support of every element necessary to constitute a valid gift. Fouts et al. v. Nance, 55 Okla. 266, 155 Pac. 610; 29 Cyc. 1658, 1659; 28 C. J. 680, p. 84; 28 C. J. 655; Stephens v. Stephens (Utah) 169 Pac. 742; Kasper v. Kasper (Iowa) 174 N. W. 501; Sturges v. McElroy (Wash.) 193 Pac. 719. To take the case out of the statute of frauds, the statute requires that in real estate transactions there must be some note or memorandum thereof in writing and subscribed by the party to be charged or by his agent, and to sustain a gift inter vivos the gift must be complete, accompanied by delivery and acceptance by the donee, and that he must have entered into possession

thereof and made valuable and lasting improvements thereon upon the strength of said gift, as stated in the above authorities. The statute of this state provides, among other things, under the head of "Conveyances," section 5240, Comp. Stat. 1921, that:

"No deed, mortgage or other conveyance, relating to real estate or any interest therein, other than for a lease for a period not to exceed one year, shall be valid until reduced to writing and subscribed in writing by the grantors."

Which statute would seem, in terms, to foreclose a claim by a donee of real estate by parol gift inter vivos, but, be that as it may, it is our opinion that to constitute a gift it must clearly appear that the intention was to transfer present title and not a promise nor the expectation of some future action. It must be a gift in praesenti, and, in the instant case, there is no such evidence, as at most the evidence of the defendant, himself, is that it was to be his when he came of age and that date was December 10, 1906, nearly nine years before Conrad Schaefer had the certificate of purchase; that it was to be his when he married, which date was in May, 1910, over five years before Conrad Schaeer secured the certificate; that he gave it to him on the 16th day of November, 1915, upon condition that he pay his father the amount he paid the School Land Department and all installments and taxes, and the evidence is clear and convincing that he never made any offer to pay his father the purchase price and taxes as agreed upon until after the sale by the father to the plaintiff in June, 1919, nearly four years afterwards, and after the plaintiff had made the payment of the deferred payments to the School Land Department and the School Land Department had made the transfer to her. The title to this land is still in the state of Oklahoma, and was so at all times referred to by the witnesses in this case, and the father was merely a lessee at all times prior to November 16, 1915, at the time he secured the certificate of purchase and whatever might be said in regard to the question as to the evidence of gift by parol to the defendant, the contract itself, and the conditions of the note and certificate, held by the father and by the plaintiff from the state of Oklahoma, and the statute law, forbid any assignment, except an assignment made in strict compliance with said statute. Section 9331, Comp. Stat. 1921, sets forth how the holder of a certificate of school land property can transfer his rights thereunder and is as follows:

"Any purchaser of lands under the provisions of this act shall have the right to transfer or assign all his rights, title and interest in and to such lands, and such assignments shall be in form and executed and acknowledged as required under the laws governing conveyances; provided, before delivery of patent, such assignment, to be valid, shall be duly recorded in a proper book, kept for that purpose by the Commissioners of the Land Office; and provided, further, that where the purchaser of such lands has a husband or wife, such husband or wife shall join in the assignment of any such contract. Upon the sale and transfer of the interest of a holder of a certificate of purchase in and to the land covered thereby if the same is approved by the Commissioners of the Land Office, and upon the payment of any principal or interest due to date of transfer, and the surrendering of the certificate of purchase transferred, the Commissioners of the Land Office shall issue and deliver to the transferee a new certificate of purchase upon the execution by the transferee of a new certificate of purchase note for the deferred payments, and the note, executed by the holder of the certificate of purchase transferred, shall be canceled and surrendered to him."

Under the above statute it is required that said transfer shall be in writing, and shall be in the form and executed and acknowledged as required under the laws governing conveyances, and duly recorded in a proper book in the Commissioners of the Land Office, and must be approved by the Commissioners of the Land Office; that all back payments shall be made at the time of the transfer and the original certificate must be surrendered and a new certificate issued therefor to the purchaser. All the requirements of the above statute were met by the plaintiff in this case as shown by the record herein, and the above statute seems to be exclusive, and provides the only way by which the rights of a purchaser of school lands can be transferred to another party, and the defendant, Charles Schaefer, having never made a demand for such certificate of purchase, at the time he was 21, at the time of his marriage, or at the time his father bought it, although several years intervened before his father transferred it to the plaintiff, and having never paid his father the down payment made to the School Land Department. never having paid any of the back installments, and never having pa d any taxes upon the lands for nearly four years before the sale by the father to the plaintiff herein, it is very clear that the claim of purchase by gift was an afterthought on the part of the defendant in this case, and that upon the evidence of the de-

fendant himself, coupled with the record testimony in this case, the defendant, Charles Schaefer, could not and cannot, under the statute law of this state, claim legal right to the title and ownership in property in controversy here.

We are, therefore, of the opinion that under the statute law of this state, and under the rules governing gifts of real property by parol, that the judgment of the trial court under said law was erroneous, and that said judgment is violative of the statute and is clearly against the weight of the evidence, and should be and is hereby reversed with instructions to enter judgment in favor of the plaintiff for the possession of the premises under her certificate of purchase from the School Land Department and for the rents for the years, named in this action, for the value of one-third of the crops, as shown by the testimony in this case, for the years the lands have been retained by defendants, and for her costs herein laid out and expended.

By the Court: It is so ordered.