### KETCH v. SMITH.

No. 18253. Opinion Filed June 26, 1928.

(Syllabus.)

1. **Trial—Gift by Parol as Defense in Action to Recover Personal Property—Burden of Proof—Sufficiency of Instructions.**

In an action to recover personal property, where defendant admits the ownership of such property to have been in plaintiff at one time, but alleges a later gift thereof to defendant by plaintiff, and the court instructs the jury in part that the burden of proof is upon defendant to establish the controverted material allegations of his answer by a preponderance of the evidence, that the question for the jury to determine from the evidence is whether or not the plaintiff made an absolute gift of the property to defendant, that to constitute a gift by parol there must be an absolute intent to make a present gift and not a promise of some future act, the gift may be perfected when the donor places in the hands of the donee the means of obtaining possession of the contemplated gift accompanied with acts and declarations clearly showing an intention to give and deprive himself of dominion over the property; that by a preponderance of the evidence is not meant the evidence of the greatest number of witnesses, but by a preponderance of the evidence is meant that greater and superior weight of the evidence which satisfies your mind, held, such instructions, when considered in the light of the other general instructions given, as in the instant case, are sufficient to charge and inform the jury as to the nature and burden of proof resting upon the defendant.

2. **Appeal and Error — Reservation of Grounds of Review—Record—Misconduct of Counsel.**

Where the misconduct of counsel is made one of the grounds of error on appeal, the facts upon which said error is based must clearly appear in the record, must be saved in motion for a new trial, and must be of such character as would prejudice the cause of the complaining party.

3. **Appeal and Error—Verdict Reasonably Supported by Evidence not Disturbed—Judgment for Defendant Claiming Personal Property Through Parol Gift from Plaintiff.**

In a civil action properly triable to a jury, where there is evidence reasonably tending to support the verdict, and the instructions of the court to the jury fairly state the law arising upon the issues raised by the pleadings and the evidence, and no prejudicial, reversible error is shown, the judgment rendered upon the verdict will not be disturbed on appeal.

Record examined, and held, sufficient to sustain the verdict and judgment rendered in the trial court.

Commissioners' Opinion, Division No. 1.

Error from County Court, Canadian County; R. J. Kintz, Judge.

Action by Frank Ketch against John Smith to recover a portion of the proceeds of certain building and loan stock due plaintiff as his distributive interest and share in an estate; the defendant answered alleging that plaintiff had made a gift of such property and interest to him; a verdict and judgment was rendered in favor of defendant; plaintiff appeals. Judgment affirmed.

John L. Funk, for plaintiff in error.

H. L. Fogg, for defendant in error.

LEACH, C. Frank Ketch, plaintiff in error, as plaintiff below, filed this action in the county court of Canadian county to recover of and from defendant, John Smith, the sum of $750 alleged to be due him as his pro rata distributive share and interest in the proceeds of certain building and loan stock belonging to the estate of Caroline E. Smith, deceased, the mother of plaintiff and the wife of defendant, at the time of her death. The plaintiff attached to his petition a copy of an order or instrument signed by plaintiff and his brothers and sisters, heirs of Caroline E. Smith, deceased, in which signed instrument it was stipulated and provided that the defendant was authorized as an agent of the signers to collect any accounts outstanding in building and loan or otherwise receipt for same as agent,

and pay funeral expenses; further empowering him to administer and divide all funds left in his hands equally among the legal heirs of the said Caroline Smith; and alleged that the defendant· had refused to pay him his share, and prayed judgment therefor.

The defendant answered, admitting the relationship of the deceased and the parties, admitted the receipt of the order set out in plaintiff's petition, and stated that after the delivery of such instrument in writing the plaintiff, Frank L. Ketch, orally made a gift of his share of the building and loan stock to the defendant, that defendant paid and distributed in accordance with such order the distributive share and interest in the estate to each of the heirs except to the plaintiff, Frank L. Ketch, which portion and part he, defendant, had kept and retained pursuant to and in accordance with the oral gift of such share made to defendant by plaintiff.

Upon the issue joined a trial was had which resulted in a verdict and judgment in favor of the defendant, from which plaintiff appeals, and sets forth a number of assignments of error, which will be discussed and disposed of in the following order.

The sixth and seventh assignments of error are:

"The court erred in overruling demurrer of plaintiff in error to the evidence of defendant.

"The court erred in refusing to instruct the jury to return a verdict for plaintiff."

Following and underneath the assignments appearing in brief of plaintiff are cited the cases of Lucia v. Schaefer, 109 Okla. 167, 233 Pac. 444, and Rowe et al. v. Henderson (Ind. Terr.) 76 S. W. 250, which cases relate to establishment of a parol gift of real estate, and in each it was held that the evidence was insufficient to establish and sustain the alleged gift of the real estate involved. The facts in those cases are not similar to those in the instant case. It is held in the Lucia v. Schaefer Case, supra, that the burden of proof is on the one who asserts the gift to prove all the essential elements to consummate the gift, and his evidence must be clear and satisfactory. No argument is presented in support of the assignments.

The defendant testified in answer to the question:

"Q. You just testified you were all there and talked this over and that at that time he handed you the note, now what did you say Frank (plaintiff) said to you at that time about his part? A. He says, 'take my part and forget it.' He says to the house in general, somebody made some remark and he says, 'He has taken good care of mother.' "

At another time the defendant testified the plaintiff said, "Take my part and forget it, and if you need any more at any time call on Frank Ketch." Defendant further testified that at the time the written instrument was delivered to him, the building and loan stock, the proceeds of which are in issue here, were in his possession; that following receipt of the written order and shortly thereafter he cashed or collected the building and loan stock and remitted to the heirs, with the exception of plaintiff, their distributive share thereof; that no demand or request was ever made of him by the plaintiff for his share until some time after the shares had been distributed. The plaintiff denied the statements attributed to him by the defendant.

As we view the record and evidence, there was sufficient evidence to raise an issue of fact and to warrant submission of the same to a jury.

In the case of Fouts et al. v. Nance, 55 Okla. 266, 155 Pac. 610, which case involved the establishment and proof of a gift after the death of the donor, the court said:

"We concede that, while the evidence of a gift should be clear and convincing, yet if there is any evidence reasonably tending to prove the fact of a gift in the instant case, then the court was justified in submitting the question to the jury."

The second assignment of error set forth in the petition in error complained of certain instructions given by the court and are referred to in the brief of plaintiff as specifications of error numbered 2, 3, 4, and 5. The first instruction complained of is No. 3; the part thereof which is said to be erroneous and misleading is as follows:

"The gift may be perfected when the donor places in the hands of the donee the means of obtaining possession of the contemplated gift, accompanied with acts and declarations clearly showing an intention to give and to deprive himself of all dominion over the property."

One of the requisites of a gift inter vivos is that the gift must be beyond revocation by the donor. The portion of the instruction quoted might be subject to some objection or criticism standing alone, but when the same is read in connection with the balance of the instruction and considered with

the other instructions given, the same does not appear to be erroneous or prejudicial.

The third instruction as a whole is as follows:

"The court instructs the jury that to constitute a gift by parol, there must be an absolute intent to make a present gift, and not a promise of some future act nor the expectation of some future act. You are instructed that a gift is complete when there is an intention to give, accompanied by the delivery of the thing given, and an acceptance by the donee. It is not necessary that there should be a manual delivery of the thing given, nor is there a particular form or mode in which the transfer must be made. The gift may be perfected when the donor places in the hands of the donee the means of obtaining possession of the contemplated gift, accompanied with acts and declarations clearly showing an intention to give and to deprive himself of all dominion over the property.

"The acceptance of a gift may be shown by the exercise of dominion over the subject of a gift, or an assertion of the right thereto by the donee."

Instruction No. 6 instructed the jury in part and in substance that their verdict should be for the plaintiff unless they found the plaintiff had made a gift of his share of the money to the defendant, and that before plaintiff demanded payment of his share of the money from defendant he, defendant, had collected said money and had exercised dominion over the same and had by some manner asserted his right thereto. The fourth and sixth instructions of the court are said to be erroneous and misleading for the reason they instruct the jury that the defendant must establish the controverted allegations of his answer by a preponderance of the evidence, it being contended by plaintiff that a preponderance of the evidence is not sufficient, and in support of such contention the case of Lucia v. Schaefer, supra, and the cases therein cited are relied upon. The case of Lucia v. Schaefer, supra, was one relating to a gift of real estate, and in the body of that opinion it is said:

"As we understand the rule, to sustain a gift inter vivos of real or personal property the evidence must go further than a mere preponderance and must be clear, explicit, and convincing in support of every element necessary to constitute a valid gift."

Under such statement a number of authorities are cited, and we find, from an examination of the authorities cited, that each of the cases related to gifts causa mortis or to gifts of real estate. One of the cases referred to is that of Fouts v. Nance, supra, in which it was said in the syllabus:

"After the death of an alleged donor, in order to establish a gift inter vivos, the evidence must be clear, explicit, and convincing in support of every element necessary to constitute a valid gift"

—and in the body of the opinion:

"When it is remembered that these gifts come into question only after death has closed the lips of the donor; that there is no legal limit to the amount which may be disposed of by means of them, * * * the dangerous character of the rule becomes conspicuous."

In 12 R. C. L., sec. 45, p. 974, will be found reference to weight and sufficiency of evidence to establish a parol gift of land, in which it is said:

"The evidence necessary to establish such a gift should be of a more satisfactory character than that necessary to establish an ordinary fact, and the general rule is that the evidence in such a case must be clear and unequivocal."

The instant case, as stated, does not involve a gift of real estate; neither is the mouth of the donor closed, he was present and testified at the trial of the cause. The case, Lucia v. Schaefer, supra, relied upon by plaintiff does not relate to or involve instructions of the court, but relates to the sufficiency of the evidence to establish the alleged gift, and was a case in equity. However, in any such case as the instant one the evidence should be clear and convincing.

In the fifth instruction the court said:

"You are instructed that by a preponderance of the evidence is not meant the evidence of the greater number of the witnesses; by preponderance of the evidence is meant that greater and superior weight of the evidence which satisfies your mind. * * *"

In the third instruction in the instant case the court stated:

"The court instructs the jury that to constitute a gift by parol, there must be an absolute intent to make a present gift. * * * The gift may be perfected when the donor places in the hands of the donee the means of obtaining possession of the contemplated gift, accompanied with acts and declarations clearly showing an intention to give and to deprive himself of all dominion over the property."

The sixth instruction contained the following:

"The court instructs the jury that the issue under the pleadings and evidence in this

case for your consideration and for you to determine from the evidence before you is whether or not the plaintiff, Frank Ketch, made an absolute gift of his share of the money set forth and described in the writing delivered to the defendant. * * *"

The word "absolute," as defined in Black's Law Dictionary, means "unconditional; complete and perfect in itself; without relation to, or dependence on, other things or persons"; and the word "clear" to mean "plain; evident; free from doubt or conjecture; also, unincumbered; free from deductions or drawbacks."

Plaintiff in the instant case did not request or submit any instructions.

Considering the instructions as a whole, we consider them sufficient to cover plaintiff's objections, that they inform the jury of the burden of proof necessary to sustain defendant's allegation of a gift, and sufficient to cover the issues raised under the pleadings and evidence. From an examination of the entire charge of the court, it does not appear that the jury were misled thereby or that plaintiff has been prejudiced or deprived of any right by reason of the instructions given.

The fourth and fifth assignments of error are:

"The court erred in admitting incompetent, irrelevant, and immaterial evidence on the part of the defendant in error over the objections and exceptions of the plaintiff in error.

"The court erred in refusing to admit competent material offered by plaintiff."

While these specifications of error are set out in the brief of plaintiff, no argument or authorities are cited thereunder; neither is the evidence complained of set out in the brief, mere numerical reference to the pages in the case-made being given. Under rule of the court and the holding in the cases Smith v. Felkel, 91 Okla. 184, 217 Pac. 196; and Henderson v. Todd, 91 Okla. 18, 215. Pac. 607, we would be authorized in saying that the assignment has been waived; however, we have examined the record, the pages referred to in plaintiff's brief, and from an examination of the same we do not find any apparent prejudicial or reversible error in the admission or rejection of evidence, and the record does not sustain the assignments 4 and 5.

The eighth assignment of error is:

"The court erred in permitting counsel for defendant in error, in his argument to the jury, to go outside the record in the case and make remarks prejudicial to the plaintiff in error over the objection of plaintiff."

Under this assignment it is said in the brief that counsel for defendant in his argument to the jury made the following statement:

"If the evidence had not been sufficient to show it was a gift, the court would have taken it away from the jury"
—and that the counsel for defendant in reply to the objection stated in the presence of the jury:

"If there was not evidence here sufficient to establish a gift, the court never would have let it go to the jury."

Plaintiff cites the cases of McDonald v. Cobb, 52 Okla. 581, 153 Pac. 138, and St. Louis & S. F. R. Co. v. Stacy, 77 Okla. 165, 171 Pac. 870. The only record that we find in the case-made referring to the statement is that shown immediately following the motion of plaintiff to instruct the jury to return a verdict in favor of the plaintiff, and the only record there shown is as follows:

"J. L. Funk: Object to the statement of Mr. Fogg to the jury that if the evidence hadn't been sufficient to show it was a gift the court would have taken it away from the jury.

"H. L. Fogg: If there wasn't evidence here sufficient to establish a gift, the court never would have let it go to the jury."

Thereafter follows the certificate of the reporter as to the transcript being true, correct, and complete; following it appears the instructions and verdict. It is difficult to say from an examination of the record just how or when the objections arose; no ruling of the court is shown on the objection, nor is there any request that court instruct or admonish the jury concerning the alleged statement.

Under the general instructions given, the court advised the jury that it was their duty to take the instructions of the court upon the law as the law of the case to be followed in their consideration of the case, and that they should be governed by the law given them in the instructions.

"Where the misconduct of counsel was made one of the grounds of error on appeal, the facts upon which said error is based must clearly appear in the record, must be saved in motion for new trial, and must be of such character as would prejudice the cause of the party making the complaint." Columbia Carbon & Ribbon Co. v. White, 91 Okla. 218, 217 Pac. 420.

Under the state of the record on the matter in question, we are unable to determine and say that the statement complained of was prejudicial or sufficient to constitute a reversible error.

From an examination of the whole record, we are of the opinion that there is testimony reasonably tending to support the verdict of the jury, and that there is no prejudicial, reversible error shown in the trial of the cause.

For the reasons stated, the judgment of the trial court is affirmed.

BENNETT, TEEHEE, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 684, §90; 12 R. C. L. p. 974; 7 R. C. L. Supp. p. 400. (2) 3 C. J .p. 979, §886; 4 C. J. p. 530, §2317; p. 957, §2938. (3) 4 C. J. p. 851, §2834.