HENRICKS v. WILSON et vir.

No. 31424. May 16, 1944.

*149 P. 2d 256.*

C. B. Leedy, of Arnett, for plaintiff in error.

Perry J. Morris, of Shattuck, for defendants in error.

BAYLESS, J. Joe Henricks instituted a replevin action in the county court of Ellis county, seeking to recover certain cattle and items of personal property in the possession of Thomas Wilson and Gladys Wilson, husband and wife, and appeals to this court from a judgment, based on the verdict of the jury, in their favor.

The facts may be stated substantially as follows: Several years ago Henricks let the Wilsons take certain cattle to keep for him with the understanding that they might have the milk and butter produced. No particular significance need be attached to this since this is merely preliminary to what followed thereafter. Afterward, Henricks retook possession of these cattle, but at that time left a mixed brindle Jersey dehorned cow, and a little later delivered a black heifer to defendants. The lawsuit between the parties concerns this brindle cow and black heifer and the other animals now in the posssession of the Wilsons which are the increase from those two. In brief, it is Henricks' contention that he left these animals with the Wilsons upon substantially the same terms that he had the first, and that he was to have the increase therefrom and was to have repossession of the two animals when desired; and that the Wilsons were to have the milk and butter while they were in their possession. On the other hand, it is the contention of the Wilsons that Henricks made a gift to Mrs. Wilson of the brindle cow and later gave her the black heifer with the understanding that he should have her first calf in payment for her.

Each of the parties introduced evidence respecting their respective contentions, and the propositions presented to us by Henricks involve the sufficiency of the evidence to justify submitting the issue to the jury on the question of a gift inter vivos and the correctness of a certain instruction given.

The court gave instruction No. 3, which reads as follows:

"You are instructed, on the other hand, that if you find by a fair preponderance of the evidence that the plaintiff gave to the defendants the one brindle Jersey milk cow on or about the 1st day of November, 1936, and that thereafter on a day or time subsequent, gave to the defendants one black heifer calf with the understanding that these defendants were to give him the first steer calf and that the first steer calf out of said black heifer calf was given to plaintiff by the defendant as has been testified to in this cause and that all of said cattle involved in this cause are the increase from the one brindle Jersey milk cow and the black heifer calf *testified to by the defendants.* Then your verdict should be for the defendant."

The quoted instruction is copied from Henricks' brief and the emphasis noted is his. He argues that the words "testified to by the defendants" qualify the entire instruction, and have the effect of telling the jury that the testimony of the two defendants, if believed, should require a verdict in their favor. We do not think this is justified when the entire instruction is read. That part of the instruction to the words "testified to in this cause" clearly states a rule that requires consideration of all of the testimony, and what follows those words, including those complained of, relates to the animals that are the increase of the two cows, so that the words complained of do authorize the jury to find from the testimony of the defendants alone that the animals other than the two cows are the issue of those cows. In a measure, this is unduly restrictive because this fact was testified to by witnesses other than defendants, but the words used are not prejudicial to Henricks. The fact of whether these animals are the issue of these cows is not a controverted issue of fact. In fact, Hen-

ricks had to and does contend this is a fact, for otherwise he could not assert title to them. Viewed in this light, the instruction complained of is not erroneous.

The second contention made respects the use of the term "fair preponderance of the evidence" in determining whether the defendants presented a defense, which Henricks insists is not sufficient to support a gift inter vivos, and that to sustain a gift inter vivos of personal property the evidence must be clear and satisfactory. Lucia v. Schaefer, 109 Okla. 167, 233 P. 444. We do not think there is such significance in the particular phrase "clear and satisfactory," but that the term "fair preponderance" is not its equivalent. "Clear and satisfactory" is a term applicable to the weight and value of the evidence, and we think the evidence in this case clearly meets that test, and this phrase, as well as the phrase "fair preponderance," both give the jury to understand that something more than a bare preponderance is necessary. We think the trial court was fully justified in submitting the issue of gift inter vivos to the jury on the evidence introduced by the defendants, and that it is sufficient to meet the test stated in the case above and to support the verdict.

The judgment appealed from is affirmed.

GIBSON, V.C.J., and HURST, DAVISON, and ARNOLD, JJ., concur.