## BACON v. WASS.

No. 33185.    Oct. 5, 1948.

*198 P. 2d 423.*

W. R. Herring, of Oklahoma City, and Oris Barney, of Anadarko, for plaintiff in error.

Sam L. Wilhite, of Anadarko, for defendant in error.

LUTTRELL, J.   This is an action for wrongful death, brought by Allen G. Nichols, administrator of the estate of Don Bacon, deceased, against defendant, A. F. Wass, dba Wass Lumber Company.   Before the appeal to this court was perfected Ada Bacon, widow of the deceased, was appointed administratrix of the estate, Nichols having resigned as administrator, and this appeal is prosecuted by the administratrix from a verdict and judgment for defendant.

From the evidence it appears that the deceased was a welder employed by Pioneer Equipment Company at Cyril; that defendant was the owner of a truck with a tank trailer used in the transportation of crude oil; that on July 3, 1944, the driver of the truck, having been instructed to have a leak in the back end of the truck mended or welded by Pioneer Equipment Company, took the truck to the shop of that company, and that deceased, while attempting to weld and repair the defect, was killed by an explosion evidently caused by the ignition of gases in the truck by the electric welding machine.

Plaintiff on appeal makes several contentions, but we deem it necessary to consider only two of them in order to dispose of the case: (1) That the trial court erred in instructing the jury that if it found that the deceased, Don Bacon, was an independent contractor, plaintiff could not recover and its verdict should be for defendant; (2) that the trial court erred in permitting counsel for defendant, in his opening statement to the jury, to tell the jury that defendant had no liability insurance, and in refusing to declare a mistrial because of such statement.   We will dispose of these contentions in inverse order.

In the opening statement for defendant made to the jury by his counsel, Mr. Wilhite, after referring to the fact that Cyril was a small community and that defendant was in the lumber business primarily but had three or four

trucks hauling oil and crude products, stated: "Mr. Wass has no liability insurance". Thereupon Mr. Herring, counsel for plaintiff promptly objected and moved the court to declare a mistrial because of such statement, but the court overruled the objection, to which counsel excepted. Thereupon the record shows the following:

"Mr. Wilhite continues: Some of you or maybe all of you know that before people can haul products on the highway, they have to have a permit from the Corporation Commission and execute a bond, have what we generally call insurance. Mr. Wass did that, and it has been held by the Circuit Court of Appeals of the United States . . . Mr. Herring: Let the plaintiff renew his objections to any and all reference to the statement that counsel is now making and he moves the court to admonish the jury not to consider it and asks for a mistrial. By the Court: Go ahead and make your statement, Mr. Wilhite. Mr. Wilhite: (continuing) at Denver in this identical case, involving this identical accident and policy, that that policy did not cover this accident, so in view of that decision, which has become final, Mr. Wass has no insurance to cover this accident or the truck involved in the accident. Mr. Herring: We would like to renew our objection. The Court: Overruled. Mr. Herring: Exception. By the Court: Gentlemen, that part of the statement of counsel regarding the case in the Circuit Court of Appeals, you will not consider. Mr. Herring: Comes now the plaintiff and again renews his motion for a mistrial on the grounds that it is a highly prejudicial statement and cannot be corrected and has been heard by the jury. The Court: Overruled. Mr. Herring: Exception."

Whether or not the bringing to the attention of the jury, in a negligence case, the fact that the defendant is not protected by insurance, when permitted by the trial court over the objection of plaintiff, is ground for reversal, has not heretofore been before this court. In the case of Wagner v. McKernan, 198 Okla. 425, 177 P. 2d 511, cited and relied upon by defendant, testimony of defendant that his insurance policy

had just elapsed was objected to by counsel for plaintiff, who moved for a mistrial. The trial court denied plaintiff's motion to declare a mistrial, but instructed the jury that the question of whether or not the defendant had insurance had nothing to do with the case and that they were not to consider it at all. We held that an examination of the record sufficiently disclosed that the jury was not prejudicially influenced, and that we would assume it obeyed the admonition of the court and disregarded the evidence. We are not prepared to say, from an examination of the record in the instant case, that the action of the trial court in permitting this statement to be made, and in overruling the objection thereto, was not prejudicial to the plaintiff.

We have heretofore held that testimony as to the matter of insurance in a personal injury action necessarily has a damaging effect, and that if such references to insurance were irrelevant a reversal was ordinarily required in cases where such references were permitted. See Hankins v. Hall, 176 Okla. 79, 54 P. 2d 609, and authorities therein cited.

In other jurisdictions, however, where the question has been passed upon, the courts seems to hold generally that testimony to the effect that the defendant in a personal injury action has no insurance is prejudicial to the rights of the plaintiff. Thus in Piechuck v. Magusiak (N.H.) 135 Atl. 534, the court said:

"The rule that the admission of incompetent evidence is not cause for setting aside a verdict where 'the only effect the evidence could have had was to defeat an inference which could not have been drawn if the evidence had been excluded' (Page v. Hazelton, 74 N. H. 252, 254, 66 A. 1049, 1051) is not applicable here. As before suggested, the evidence may have been used, not merely to rebut the illegal inference of insurance, but also to create sympathy for the uninsured defendant. If this latter use was made, the plaintiff was

deprived of a proper consideration of her claim."

The court in that case held that the admission of such testimony was prejudicial error requiring reversal.

In Rojas v. Vuocolo (Tex. Sup.) 177 S.W. 2d 962, the Supreme Court of Texas held that the admission of such evidence was improper and prejudicial. In that case the court, referring to the effect that the admission of such evidence might have on the jury, said:

"They may have thought that it would be too bad to make an uninsured man pay. The evidence is a form of the inadmissible plea of poverty. Having been objected to and having been ruled in, the jury were given to understand that they were to use it for some purpose. 'The fact that the incompetent testimony is laid before the jury under favorable rulings by the court, . . . tends to increase rather than diminish its prejudicial effect.' "

In the instant case plaintiff did not contend that defendant carried insurance. The question of whether or not the accident in which deceased lost his life was due to lack of ordinary care on the part of defendant in cleaning out his truck prior to having the welding performed on it was a question to be determined by the jury, and the fact that he carried no insurance which would cover such an accident, and would thus render any judgment a personal liability against him, might, we think, although perhaps unconsciously, influence a jury to resolve any doubt or close question in his favor. The defendant personally was not involved in the conduct which plaintiff alleged amounted to negligence, but the negligence charged was the conduct of his employee or agent for which he was responsible. Undoubtedly in such case the knowledge that he did not carry insurance to cover such an accident would in some degree tend to excite the sympathy of the jurors. The conduct of the court in permitting such irrelevant statement to go to the jury over the repeated objection of plaintiff would tend to lead the jury to believe that the fact that defendant did not carry insurance could be taken into consideration by them in determining his liability. While plaintiff does not, in his brief, make reference to the fact, the record discloses that the trial court also permitted the defendant to testify, over the objection of the plaintiff, that he did not carry insurance which would cover this accident.

The refusal of the trial court to declare a mistrial under the circumstances in this case was error.

The first contention of plaintiff is also, in our judgment, well taken and must be sustained. From the evidence it appears that where a truck such as the one involved in the instant case had been used in the transportation of oil, it was the custom in that locality that the owner of the truck was required to clean out the interior of the tank before it was welded. Ordinarily this appears to have been done by steaming the interior of the tank with the vents and spigots or valves on the tank open so that when brought to the welding shop the tank would be reasonably free from oil refuse or any gas which might arise therefrom. In the instant case defendant's truck driver testified that he was familiar with this custom and that he steamed the truck tank before taking it to the welder, and advised deceased that the truck tank had been steamed. From other evidence in the case it appears that possibly the accident was due to contributory negligence on the part of the deceased, but at least one witness testified that if the steaming operation had been properly conducted it would have prevented the accumulation of any gas in the tank, and rendered an explosion unlikely.

By instruction No. 3 the trial court advised the jury that where it was the custom for defendant to have the tank cleaned before having the same welded, it would be the duty of defendant to use ordinary care to see that the tank

was properly cleaned and in safe condition to weld, and that if they found that defendant failed to use such ordinary care defendant would be guilty of negligence, and if such negligence was the proximate cause of the explosion and the death of deceased, the verdict should be for plaintiff, "unless you find defendant (deceased) an independent contractor as hereinafter defined to you".

By instruction No. 8 the trial court instructed the jury as to what constituted an independent contractor and added " . . . and you are further instructed that should you find and believe from a preponderance of the evidence that the said Don Bacon was an independent contractor, such a defense is a valid and recognized one, then your verdict should be for the defendant." Thus it appears that the jury was instructed that if it found that Bacon was an independent contractor it should find for the defendant, regardless of whether he was negligent and his negligence was the proximate cause of the injury. This is not the law.

In Chicago, R.I. & P. Ry. Co. v. Wainscott, 103 Okla. 187, 29 P. 808, we said that actionable negligence consisted of three essential elements: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff proximately resulting from such neglect to perform that duty. In the instant case defendant assumed the duty of cleaning out his truck tank in order to protect the decedent from injury while welding the tank, and whether he failed to exercise ordinary and reasonable care in performing that duty, and whether the death of the decedent resulted from his failure to do so were questions for the jury, and the fact that plaintiff was the employee of an independent contractor, Pioneer Equipment Company, did not relieve defend-

ant of that duty. We recognized the existence of such liability in Lisle v. Anderson, 61 Okla. 68, 159 P. 278, and in Breene v. Crawford, 175 Okla. 186, 53 P. 2d 244. In the first cited case we held one contractor liable for injury to the employee of another contractor where such injury was due to the contractor first mentioned to put in proper supports for a tank to be used by the employees of the second contractor. In the latter case we held that where the defendant owner of a building agreed to construct and maintain a scaffold upon which the employees of a brick laying contractor were to work he was liable for defect in the scaffolding by reason of which one of the brick laying contractor's employees was injured. The general rule is thus stated in 27 Am. Jur. p. 508, section 30:

"Although one employs an independent contractor to do certain work, and although he thereby escapes liability for the negligence of such contractor, he is nevertheless answerable for his own negligence. In other words, if an injury is caused by his own negligence, and not by the negligence of the independent contractor, the employment of such contractor is no defense, notwithstanding the injury is occasioned to a person in the employ of such contractor."

It follows that the instruction given absolving defendant from liability in event the jury found that Bacon was an independent contractor was erroneous.

Other errors are assigned and argued by plaintiff, but since they may not recur when the case is tried again we deem it unnecessary to discuss them.

Reversed, with instructions to grant plaintiff a new trial.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur. WELCH, J., concurs in conclusion.