Doris BURNS, Plaintiff in Error,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Corporation, and R. G. Typton, Defendants in Error.

No. 39469.

Supreme Court of Oklahoma.

April 10, 1962.

As Corrected June 4, 1962.

Rehearing Denied June 5, 1962.

Fleeson, Gooling, Coulson & Kitch, Wichita, Kan., Sellers & Wallace, Sapulpa, for plaintiff in error.

Rainey, Flynn & Welch, Oklahoma City, Charles E. Daniel, Drumright, for defendant in error.

JACKSON, Justice.

In the trial court, plaintiff Doris Burns sued defendants The Atchison, Topeka and Santa Fe Railway Company, a corporation, and R. G. Typton, for damages resulting from injuries received in a railroad crossing accident. Verdict and judgment were for defendants and plaintiff appeals.

Plaintiff's first proposition is that "Exhibiting to a jury an item not introduced as evidence is prejudicial misconduct". The incident complained of occurred on closing argument of plaintiff's counsel, and was as follows:

"What was the speed of this train? Look at this photograph: look what it did to this track—it went 150 feet derailed and went and buried itself in that bank. Thirty miles an hour! I doubt it. I say it was running just as fast as it could run in the two-mile straightaway they had there to gain speed—as fast as it could run; a million and a half pounds of death and destruction running just as fast as it could go. And they talk about fairness and impartiality. *Where is the speed tape?*

"Mr. Haynes (for defendant, Interrupting): *Here's the speed tape of this train* (rising and indicating), and it shows it was going thirty-three miles an hour.

"The Court: Just a minute. I will not have such an outbreak. The speed tape is not in evidence in this case. It is not going to be in evidence in this case. If either one of you wanted it, it should have been introduced; and let us not clutter the record here with that type of evidence at this time. And please let the trial proceed.

"Mr. Sellers (Continuing to the Jury): Ladies and gentlemen of the jury, in view of the statement of the court and the statement of counsel, I will tell you we have asked for the tape and we have never seen it until just now; that's when I first saw it. And I say this to you, that you are entitled to infer if it had shown 30 miles an hour we would have seen it here yesterday or the day before—and that is a valid inference." (Emphasis supplied.)

In our opinion the remarks of defendant's counsel cannot be said to have been prejudicial. Plaintiff's petition alleged the speed was "approximately 35 to 40 miles per hour". Several witnesses, including one witness for plaintiff, had set the speed at approximately 30 miles per hour. The trial court, when considering this point on motion for new trial, was of the opinion that no prejudice had resulted to plaintiff. It is well settled that misconduct of counsel is not ground for reversal in the absence of prejudice therefrom. Ketch v. Smith, 131 Okl. 263, 268 Pac. 715.

■ Plaintiff's second proposition is that the following statement by counsel for defendants in his closing argument was prejudicial misconduct:

"* * * I want to tell you, ladies and gentlemen of the jury, that the Santa Fe Railway Company is a self-insurer, which means that it carries not one penny of insurance—nor does Mr. Typton.

"Mr. Sellers: Just a minute, Your Honor. How, when and in what manner this award, if any, will be paid is not a proper part of any (argument) of counsel for plaintiff and defendant in this case.

"The Court: The jury has nothing to do with that; and the jury are instructed not to consider the remarks of counsel."

The question of the impropriety of undue reference by *plaintiff* to the fact that defendant *does* have insurance has been before this court often, and the rule in that connection is generally well settled. The reverse situation is now before us. In Wagner v. McKernan, 198 Okl. 425, 177 P.2d 511, this court refused to reverse a judgment for defendant because defense counsel improperly asked his client whether he had insurance on the motor vehicle concerned. In that case, the court, upon proper objection, immediately ordered the question and answer stricken, and instructed the jury to disregard the same. This court found that "it is apparent from the whole record that the plaintiff was not prejudiced" and affirmed the judgment.

In Bacon v. Wass, 200 Okl. 581, 198 P.2d 423, defense counsel in his opening statement, said that "Mr. Wass has no liability insurance". Objection and motion for mistrial were made and overruled.

Thereafter, plaintiff's counsel was forced to object to statements to the same effect three more times; he asked for a mistrial three times; and later, he had to object to testimony by defendant that he did not have insurance. On all occasions, his objections and motions were overruled, and the court's *stamp of* approval thus placed upon the proceedings. On appeal, this court reversed the judgment for defendant, saying in the body of the opinion that "The refusal of the trial court to declare a mistrial *under the circumstances in this case* was error". (Emphasis supplied.)

The circumstances in the case now before us are vastly different. Here, there was one reference to the lack of insurance only, and the trial court, upon objection, promptly and explicitly instructed the jury to disregard the statement. Plaintiff did not ask the court to declare a mistrial. While we are aware that there are often circumstances under which a court's instruction to the jury to disregard improper evidence or argument cannot repair the damage done, we do not believe this is such a case. Upon the whole record before us, we cannot say that plaintiff was prejudiced, and the second proposition is therefore without merit. Wagner v. McKernan, supra.

■ Plaintiff's third proposition is that prejudicial error was committed in the course of cross-examination of one of plaintiff's witnesses, the Sheriff of Sedgwick County, Kansas, where this accident happened. The errors concerned certain questions asked by counsel for defendant about the contents of the official report made by the Sheriff's staff on this accident, which was not admitted in evidence. In this connection, we note that this allegation of error is not specifically mentioned in the motion for new trial, but is covered, if at all, only by the usual formal allegations of "misconduct of prevailing party" and "errors of law occurring at the trial and excepted to by the plaintiff". The full argument of counsel for plaintiff at the hearing of the motion for new trial

is set out in the record before us, and he did not mention this particular allegation of error to the trial judge.

The gist of plaintiff's argument is that by forcing plaintiff to make repeated objection to the questions, defendant succeeded in suggesting to the jury that the report contained information derogatory to. plaintiff. In support of this proposition, plaintiff cites Hadley v. Ross, 195 Okl. 89, 154 P.2d 939, Bison Transports, Inc. v. Fraley, 205 Okl. 520, 238 P.2d 835, and Maben v. Lee, Okl., 260 P.2d 1064.

In Hadley v. Ross, supra, this court held that reports of public officials based entirely upon hearsay are not admissible to prove any fact disclosed therein, in a negligence action. In Bison Transports, Inc., v. Fraley, the rule from Hadley v. Ross was quoted and reaffirmed. In Maben v. Lee, a judgment for plaintiff was reversed because an officer had been permitted to testify, as a conclusion, that defendant was responsible for the accident concerned.

In the case now before us, the accident report was first identified by the Sheriff on cross examination, after which defense counsel offered it in evidence. Upon objection by plaintiff, the court dismissed the jury for the noon recess, and argument on the objection was heard in the absence of the jury, after which the objection was sustained, the court holding the report inadmissible except for impeachment purposes.

After the court re-convened, cross examination of the Sheriff continued. He had testified on direct examination that he could not estimate the speed of the vehicles; that he saw no skid marks at the scene of the accident; and that investigating officers customarily listed the names of witnesses on the official report. As cross examination continued, defense counsel asked three questions having to do with speed, skid marks, and the names of witnesses on the report. Extended discussion was had only on the objection to the first, and the record reflects that the dis-

cussion was out of the hearing of the jury. Objections to all three questions were sustained. From our examination of the questions, their wording, and the context in which they were asked, we are convinced that defense counsel was making a good faith attempt to lay a predicate for impeachment of the witness. Because of the inapt wording of the questions, he was not successful.

In support of this proposition, plaintiff cites Houston v. Pettigrew, Okl., 353 P.2d 489. In that case, the trial court granted a new trial because he felt the jury had been unduly influenced by improper questions of plaintiff's counsel. On appeal, this court held that the action of the trial court was not arbitrary or capricious, and the order of the trial court granting a new trial was affirmed. In the body of that opinion we said "a trial court is in a much better position to appraise the fairness of proceedings before it than can be gathered by a review of the record by the appellate court".

The same is true in this case, where, after full hearing, the motion for new trial was overruled. The overruling of a motion for a new trial is largely a matter of discretion for the trial court, and its judgment will not be disturbed on appeal unless it clearly appears that its discretion was abused. Cooke v. Townley, Okl., 265 P.2d 1108.

Under the evidence in this case, there can be no doubt that plaintiff suffered multiple serious injuries in the accident concerned. She prayed for $10,000 for medical expenses alone, and her proof with regard to her injuries and expenses was fully and fairly presented to the jury. Needless to say, however, the gravity of the injuries sustained proves nothing where the liability of defendant is concerned. In this case, defendant pleaded and proved a statute of the state of Kansas requiring motor vehicles approaching railroad crossings to be slowed to not more than ten miles per hour. There was substantial evidence that plaintiff's husband, who was driving the truck in which she was riding, approached the crossing at a considerably greater speed, and crossed it at such speed. Considering this evidence, and the entire record before us, we are of the opinion that the following remarks of the trial judge, made after the hearing on the motion for new trial, were fully justified:

> "* * * I feel that this case was fairly presented to the jury; the jury had it, they considered it for some time, they returned a verdict.

> "* * * the jury could have found, and evidently they did find, that not only was the plaintiff's husband negligent, but that the defendants in this case were free of negligence. * * *".

After a careful examination of the entire record, we cannot say that the trial court's discretion was abused.

The judgment is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.